IIemP-í-itul, Cu. J.
That the holder of a note transferable by delivery, or if payable, to order indorsed in blank, is prima facie its owner, and holds it on valuable consideration, Is a principle too weli established to be questioned; and although the notes may have come into the hands of a former holder by duress, fraud, theft, or finding, yet that does not defeat the right of a present holder, but only imposes upon him the necessity of proving that he holds bona-fide and for value. Tlie possession of the instrument, acquired in good faith in tlie usual course of trade, gives property, whether the person from whom it was received have title or not. This doctrine, founded on the necessity of' securing the benefits accruing from the free-circulation of commercial paper, had its'origin in the case of Miller v. Race, 1 Burr. R., 452, in application to bank notes, and was subsequently extended to all negotiable instruments transferable by delivery. (1 Smith’s Leading Cases, p. 250; Story on Promissory Notes, sections 101-6-7; Greneaux v. Wheeler, 6 Tex. R., 515.)
This rule, in the latitude of its operation in favor of tlie actual holder, is subject to the, important modification that the instrument mast have come into his hands previously to its being due; (Chitty on Bills, 148; Story on Promissory Notes, see. 210;) otherwise, it is taken subject to all the equities between antecedent parties. When acquired after overdue, it is subject to all the objections affecting it in the hands of tlie party who first became wrongfully possessed of it, or by whom it was tortiously transferred. (Ohitt.y on Bills, 157.) And such is the rule in relation to the note which is tlie subject of this controversy. It was transferred after due. It is affected by objections against it in the hands of Abbott, or oilier previous holder, and if recoverable from them, it is likewise recoverable from the defendants.
But the defendants are, upon another ground also, excluded from the-operation of tlie general rule in favor of tiro actual holder. The note had, previous to the transfer, been approved by the chief justice as a claim against the, estate of a deceased person, and was consequently invested with the character of a quasi judgment. This would not destroy its negotiability, but would subject it, when assigned, to defenses against it in the bauds of the assignor; and if lost or stolen, or if it have otherwise come unlawfully iuto-the possession of a holder, it is subject to recovery from his hands by the true owner, or from the bauds of any person with whom it may be found.
'there is no evidence in tills case to prove in what1 way Abbott became possessed of tlie note. And if recoverable from him it was liable to recovery from, the defendants. Judgment reversed'and cause remanded.
Reversed and remanded.