WILLIAM M. ROSS v. JAMES E. SMITH.

The possession of a promissory note, payable to another or order, and not indorsed in blank by the payee, does not constitute such evidence of ownership as will enable the person in possession to sustain an action on the note, upon allegation that, for value received, it was transferred to plaintiff by delivery.

Appeal from Rusk. Tried below before the Hon. Charles A. Frazer.

The defendant pleaded a general denial. The other facts are stated in the Opinion.

*M. Casey*, for appellant, cited Heath v. Hall, 4 Taunt. 326; Chit. on Bills, 8; Jones v. Witter, 13 Mass. R. 304; Dunn v. Snell, 15 Id. 485-6-7; 2 Story Eq. 1047; Briggs v. Dorr, 19 Johns. R. 96; Fitcome v. Thomas, 5 Greenleaf R. 282; Ogden v. Slade, 1 Tex. R. 15; 1 White & Tudor's Lea. Cas. 670; 1 Adolph. & El. 498, 504; Story on Prom. Notes, Sec. 196, note 1; 4 Mart. R. N. S. 355; 5 Geo. R. 239: 1 Kelly, 306; 9 Barb. R. 214; 1 Cow. R. 598.

*W. Stedman*, for appellee, cited 2 Story, Prom. Notes, Sec. 43; 2 Id. Sec. 1039, 1040; Merlin v. Manning, 2. Tex. R. 351; Smith v. Clopton, 4 Id. 114; Greneaux v. Wheeler, 6 Id. 522.

HEMPHILL, CH. J. The appellant, who was plaintiff below, brought suit against the appellee, on the following note:

[$132 10.] *January* 1, 1855.

One day after date I promise to pay to the order of C. Vincent, one hundred and thirty-two dollars and ten cents, value received, with interest, at the rate of ten per cent. per annum, from maturity, until paid. JAS. E. SMITH.

The note was read to the jury as evidence, against the ob-
jection of the defendant that the plaintiff had not offered any
proof of ownership.  But, in the charge, the Court instructed
the jury that the plaintiff was not entitled to recover, unless
they were satisfied, from the proof, that the plaintiff was the
owner of the note; and that possession of the note was not suf-
ficent proof of ownership.

The note being the only evidence offered, the jury found for
the defendant, and the plaintiff appealed.

The note was not indorsed specially to the plaintiff, nor
was it indorsed in blank; and the only question is, whether
the mere possession, without proof of a *bona fide* assignment or
transfer, either by parol or writing, was *prima facie* evidence
of ownership.

The only instruments in which the law recognizes the prop-
erty as passing, like coin, with the possession, are those termed
negotiable, and which are transferable by delivery, viz: bills
and notes payable to bearer, or payable to order and indorsed
in blank.  The *legal right* to the property secured by such in-
struments, passes by delivery ; and the possession is *prima
facie* evidence of right in the property.  Such instruments
pass by delivery from hand to hand; and though they may
have been lost or stolen from the true owner, yet the posses-
sion of the holder is *prima facie* proof of right; and if he be
a *bona fide* transferee for value, his title will be perfect,
whether the one from whom he received the instrument had
any title or not.  (Miller v. Race—Notes in Smith's leading
cases, p. 258 ; Greneaux v. Wheeler, 6 Tex. R. 523 ; Story on
Promissory Notes, Sec. 43,196.)

But such is not the rule with reference to instruments not
negotiable, or which do not pass the *legal right* by delivery.
A third person, not a party to such note, must show by what
right he claims to recover from the debtor, or—in other
words—that he holds under a *bona fide* assignment, valid in
law, from the owner of the note.

Ross v. Smith.

The defendant, by his counsel, has insisted and shown, from numerous authorities, that a chose in action may be assigned verbally or by delivery, as well as in writing. (Heath v. Hall, 4 Taunton, 326; 13 Mass. 304; 15 Mass. 485, 486 487.) An assignment of a debt may be by parol, as well as by deed. (2 Story's Equity, 1047.) A delivery of a chose in action, for a valuable consideration, is sufficient, and passes the title. (19 Johns. R. 96.) He also insists that, to make the parol assignment good against the debtor, it is not neces- sary that the assignee should give notice of the assignment to the debtor.

It is no doubt true, that the assignment of a debt does not, in equity, require the assent of a debtor; although it may be important to the assignee that such notice should be given, or otherwise the rights of third persons may intervene to his pre- judice. (2 Story's Equity, 1057.) To give an action at law, it seems that the debtor must consent to the agreed transfer of the debt; but in equity it is otherwise. (3 Swanston, 392; 5 Adolph. & Ellis, 114.) There is no doubt that an assignee by parol or delivery, of an unnegotiable note, is entitled at law to sue the maker in the name of the assignor, and in equity to bring suit in his own name.

The only question is, whether the mere possession of such instrument will authorize the holder to bring suit, or whether he must prove the fact of delivery or transfer for a valuable or other sufficient consideration. (2 Barbour, S. C. 94; 3 Com- stock, 93; Story's Equity, 607.) And it seems clear, that he must prove that he came honestly, and, for a sufficient consid- eration, into possession. Where the *legal right* to the debt, se- cured by a negotiable note, passes by delivery, the law, for the benefit of commerce, has recognized the property as passing with the possession; and that possession is conse- quently *prima facie* evidence of *title*. But this is an exception to the rule by which property is proved in personal chattels, and it does not extend to the possession of notes which are

not negotiable. The possession of such note, without other proof, does not give the holder the right to judgment on the note. (2 Tex. R. 351.)

Judgment affirmed.