FOLEY v. SMITH.

The rule of law that he who takes a note overdue and dishonored, takes it encumbered with all the equities between the prior parties to it, being the law of Louisiana as well as of those States which have adopted the common law, a person who takes such a note from one intrusted by the owner with the collection of it only, cannot come in that State more than elsewhere upon the proceeds of a mortgage given to secure the note, so taken along with several others; the mortgaged property, on sale, proving insufficient to pay all.

ERROR to the Circuit Court for the Eastern District of Louisiana.

Mrs. Smith, the appellee, having sold to McHatton a plantation in the parish of East Baton Rouge, received from him notes for $70,000 of the purchase-money, secured by a mortgage on the property sold. One of these notes for the sum of $15,000 was placed by Mrs. Smith before due in the Bank of Kentucky for collection, and that bank forwarded it for the same purpose to the Citizens' Bank of New Orleans. The note was indorsed in blank by Mrs. Smith and by the Bank of Kentucky. Not being paid at maturity, it was duly protested, and in this condition remained in the Citizens' Bank for over seven months, when one McKnight, who had been acting as the agent of the Bank of Kentucky at New Orleans, took the note from the Citizens' Bank, and sold and delivered it for full value to Foley & Co. McKnight was supposed to have acted under a power of attorney from the Bank of Kentucky, which was not produced. He transferred the note by a public notarial act in writing, by which he professed to assign the note to Foley & Co., with all rights, remedies and mortgages to which the said Bank of Kentucky was or might be entitled as holder of the note, but without warranty on the part of said bank, except as to the existence of the debt represented by the notes.

When the other notes, falling due after the one above mentioned, had matured and were unpaid, Mrs. Smith instituted proceedings under the law of Louisiana to foreclose her mortgage; and under these proceedings the land was sold, and

she became the purchaser.   The sale did not bring enough to satisfy the remaining notes in her hands.

Foley & Co. intervened in these proceedings, and asked that the amount of the note which they held might first be paid to them out of the proceeds of the property sold.   The court below dismissed their claim.

*Mr. Miles Taylor, for Foley & Co., plaintiffs in error:*

Mrs. Smith, by her own act, authorized and enabled the Bank of Kentucky to act as the owner of the note, without disclosing the fact that it was an agent; and in point of fact F. & Co. dealt with the bank in the character of a principal, and without having any reason whatever to suppose that it was not so in reality.   Mrs. Smith is therefore liable, upon the principle, that of two innocent parties, the one shall suffer who, by his agent, causes the injury, and will in all such cases receive the least harm.*

*Mr. Durant, contra.*

Mr. Justice MILLER delivered the opinion of the court.

We cannot see how the Circuit Court could have rendered any other decree than that which it did, namely, to dismiss the appellant's claim.

The rule of law that he who takes a note overdue and dishonored, takes it encumbered with all the equities between the prior parties to it, is the law of Louisiana as well as of those States which have adopted the common law.   This is well established by the numerous decisions cited in the brief of counsel for appellee filed in the Circuit Court.

Under this rule the purchaser from the Bank of Kentucky could get no better title than the bank had when it sold.   It is conceded that it had no title whatever.   The appellants purchased of McKnight, as agent of the Bank of Kentucky, and as the note was not the property of McKnight, or of the

---

* Murray *v.* Lardner, 2 Wallace, 110; Hunter *v.* Hudson River Company, 20 Barbour, 506 ; Commercial Bank *v.* Kortright, 22 Wendell, 348.

bank which he represented, appellants must show some au-
thority for the sale from the real owner, or the sale is in-
valid.    Such authority is claimed in argument to result from
the possession of the note by McKnight.    But if mere pos-
session by the person who professes to transfer a note were
sufficient authority, there would be no difference, as regards
its negotiability, in a note before its maturity and after its
protest.

The appellants in this case relied upon the public act of
transfer by McKnight, and if this was without authority,
their purchase was void.

The principle is invoked by appellants, that in case of a
loss of this kind, in which one of two innocent persons must
suffer, that one should sustain the loss who has most trusted
the party through whom the loss came.    It is a sound prin-
ciple, and its application to this case does not favor the ap-
pellants.    If Mrs. Smith trusted the Bank of Kentucky with
her note, it was for a purpose which was ended when the
note was protested.    By indorsing the note she did trust the
bank with full power to dispose of it before due, although
that was not intended, and she trusted the bank for the re-
turn of the money to her if the money had been paid.    This
trust the law implied.    But her trust ceased, except as to
the mere possession of the note as a bailment, after the note
was protested.    It was the appellants, who, with notice of
the dishonor of the note, purchased it, who trusted the bank
for the title, which it professed to sell.

It is to be remembered that the intervention of appellants
did not claim a personal judgment against McHatton or Mrs.
Smith on the note, but an appropriation of the proceeds of
the sale to the payment of the note held by them.

As Mrs. Smith is the real owner of the debt due from Mc-
Hatton, evidenced by the note in the possession of plaintiffs,
there can be no equity in making her substantially pay the
note out of the proceeds of the sale, or in postponing her
just claim, to that of appellants, who are not innocent hold-
ers without notice.

DECREE AFFIRMED.