JESSE THOMPSON v. W. O. BOHANNON.

1. It is error to join in the same action a note payable to the plaintiff in his individual capacity and one payable to him in a fiduciary capacity.
2. Executory contracts made by guardians, executors or trustees, and payable in Confederate notes, may be enforced for the use of the beneficiaries,

but the defendant may reduce the recovery to the actual value of the property or other consideration for which the obligations were given.

3. It is error to render judgment by default final for the alleged value of a contract payable in Confederate bills; proof should be introduced of such value.

4. A judgment upon a contract on its face payable in Confederate bills may be enjoined even after twelve months from the date of the judgment.

ERROR from Fort Bend. Tried below before the Hon. L. Lindsay.

The two cases, numbered 1223 and 1224, constitute but proceedings in the same case.

Suit was brought by the defendant in error, Bohannon, on two notes payable to him, one as guardian of Walter Jones, the other to him individually, both payable in Confederate bills of "the new issue," and signed by Jesse Thompson, H. C. Thompson and John M. Weston. It was alleged that the Confederate States bills were worth five per cent. of their face value, and that sum was claimed.

Weston pleaded misjoinder of causes of action and the illegality of the notes. The Thompsons did not answer.

On the trial in November, 1870, the defense of Weston was sustained, but the plaintiff recovered judgment by default for $355.

From this judgment Jesse Thompson prosecuted his writ of error, and the case is No. 1223.

In January, 1872, Jesse Thompson filed his petition for injunction restraining the collection of the judgment, and obtained a temporary injunction.

At the March term, 1872, the court dissolved the injunction and dismissed the bill, which action is brought by writ of error before this court, and is No. 1224.

The facts appear in the opinion of the court.

*P. E. Pearson* and *Gustave Cook*, for appellant, cited 33 Texas, 350, Lobdell's Administrator v. Fowler; 33 Texas, 630, Brown v. Read; 34 Texas, 220, Fox v. Wood.

*R. J. Calder*, for defendant in error.

WALKER, J.—There is a motion filed in this court to consolidate these two cases and have them considered together. In No. 1223 suit was brought in the District Court on two promissory notes. One of the notes was given to William Bohannon, guardian of Walter Jones, for the sum of $2400. The other note was given to the plaintiff in his own right, for the sum of $2000. Both the notes were to be paid in Confederate money of what was called new issue. The notes are signed by Jesse Thompson, H. C. Thompson and John M. Weston. The plaintiff, in his petition, does not seek to recover the face of the notes, but alleges his right to recover the value of the notes in coin, which he avers was five per cent. of the whole amount called for.

The defendant Weston filed an answer, and plead in abatement the misjoinder of causes of action; and also set up the illegality of the notes.

The judgment of the court was in favor of Weston; but the Thompsons having failed to answer, the court entered a judgment by default against them for the sum of $355, being five per cent. on $4400, with interest added. This judgment was temporarily enjoined by the plaintiff in error, but the court, on a motion, dissolved the injunction.

We think the cases are wrongly numbered in this court. No. 1224 should be numbered 1223, and 1223 should be numbered 1224; and we shall treat them under these numbers as corrected.

The court erred in entering a judgment on the two notes. The causes of action were improperly joined. The plaintiff was suing on the one note in his own right, and on the other in the right of the guardian of Walter Jones. Under the decisions of this court, repeatedly announced, he

could not recover on the note given in his individual right; but the court has also held that he might recover on a fiduciary contract.

But the frequent occurrence of suits of this kind by administrators and guardians has led us, after much deliberation, to reconsider our former rulings. It has not unfrequently occurred that sales of property made by administrators and guardians during the war, for Confederate money, would now, if the purchasers of such property should be compelled to pay their purchases in current funds, work gross injustice. The case at bar presents a forcible illustration. The amount of the note was $2400 in Confederate money; in coin, the plaintiff himself says, it was $161. It does not appear to the court what was the consideration of this note; but according to the plaintiff's own account of it, the note was worth but $161 in coin.

We therefore propose to take this case as the foundation for the rule that, in all actions on contracts made by administrators, trustees and guardians, for Confederate money, whilst such contracts may be enforced for the benefit of heirs, legatees, devisees, and creditors, it will be competent for the defendant to show the actual value of the property sold or the consideration of the contract, whatever it may be, and the plaintiff shall not be allowed to recover more than a fair consideration for the contract, in current funds, at the time it was made, with lawful interest.

The honorable judge of the District Court, we think, erred in rendering a judgment by default against the plaintiff in error, on the notes sued on. It is true that the Thompsons made no defense to the action, but the plaintiff was bound to show substantively to the court that he had a good cause of action before he was entitled to any judgment. In this case his petition showed clearly that he had no cause of action growing out of the $2000

note, and he had no cause of action in his own right growing out of the $2400 note.

In the injunction suit, No. 1224, the court erred in dissolving the injunction. (32 Texas, 129, Cook v. Burnham ; 34 Texas, 220, Fox v. Woods.) It matters not that the injunction was sued out after the expiration of the twelve months. It was a judgment enforcing written contracts for Confederate money, as apparent on the face of the notes themselves.

In No. 1223 the judgment of the District Court will be reversed and the cause dismissed, without prejudice to an action on the note given to the guardian of Walter Jones, to be proceeded in, in accordance with this opinion. In No. 1224 the judgment of the District Court is reversed, and there being now no judgment to enjoin, the cause will also be dismissed at the cost of the defendant in error.

REVERSED AND DISMISSED.