R. B. WALKER v. J. O. WILSON ET AL.

No. 3194.

1. **Negotiable Paper — Overdue Note.** — The rule that the holder of a promissory note payable to bearer is prima facie the owner is subject to the modification that the instrument must·have come into his hands previous to its being due; otherwise it is taken subject to all the equities between antecedent parties. See example.

2. **Case in Judgment.** — Garrison became the owner of a promissory note payable to Walker Fore or bearer, secured by vendor's lien, by transfer from the payee. He delivered it to one Jacobson before maturity, under an agreement that if Jacobson could use it in making a certain improvement upon his residence he would pay Garrison. Jacobson died without having used the note. After his death, and after the maturity of the note, Jacobson's widow, joined with her second husband, transferred the note to plaintiff for value paid and without notice. The plaintiff filed suit and Garrison intervened and was entitled to judgment.

3. **Case Adhered to.** — Weathered v. Smith, 9 Texas, 623, adhered to.

ON REHEARING.

4. **Overdue Negotiable Paper.** — The holder of such paper for value before maturity takes it discharged of every defense against it; but when dishonored it is, in respect to the title acquired by a subsequent holder, degraded to the rank of a personal chattel, the purchaser of which acquires only such title as the seller had.

APPEAL from Hopkins. Tried below before Hon. E. W. Terhune. The opinion gives a statement.

*J. L. Whittle* and *Schluter & Allday,* for appellant.— 1. Whenever negotiable paper has passed into the hands of a party unaffected by previous infirmities, its character as an available security is established, and its holder can transfer it to others with a like immunity. This doctrine, as well as the one which protects the purchaser without notice, says Story, "is indispensable to the security and circulation of negotiable instruments, and is founded on the most comprehensive and liberal principles of public policy."

Therefore if the note here sued on passed from Walker Fore, the original payee, into the hands of Garrison or on to Jacobson, unaffected with any infirmity, and this appellant holds title thereto by purchase from the surviving widow of said Jacobson, then the appellant succeeded to the rights of the said Garrison and said Jacobson in and to said note, upon the well established principle that if any intermediate holder between the appellant or plaintiff and the defendant took the note under such circumstances as would entitle him to recover therein against the defendant, the plaintiff and appellee herein would have the same right, even though he may have purchased when the note was overdue. The·only exceptions to this doctrine are those when the paper is absolutely void, as where issued by parties having no authority to contract, or its circulation is forbidden by law from the illegality of its consideration. Bedell v. Harring, 11 Am.

St. Rep., 326; Roberts v. Lane, 18 Am. Rep., 242; Story on Prom. Notes, secs. 191, 196; Cromwell v. County of Sac, 6 Otto, 51–63; Commissioners v. Clark, 4 Otto, 278–288; Byles on Bills, 5 Am. ed., 118.

2. If a negotiable note be entrusted by either the holder or maker thereof to another, and is put into circulation in violation of instruction or the conditions on which it is entrusted by the maker or the holder, such paper coming into the hands of a purchaser for value and without notice would call into exercise the rule that of two innocent persons the one should suffer who placed it in the power of another to commit the wrong, and the right of such a holder has been rarely ever denied. Gilliman v. Railway, 72 Ala., 566; Grand Rapids v. Saunders, 17 Am. Rep., 552; Goodwin v. Simonds, 20 How., 343; Fisher v. Fisher, 98 Mass., 303.

3. The testimony of the appellee, Garrison, as to conversations and private understanding with N. Jacobson, especially as to the purposes for which said Jacobson was authorized to use said note, was inadmissible in the absence of any proof that plaintiff (appellant) had notice of such understanding and agreement at the time he purchased said note. And there being no endorsement upon said note showing any restriction as to its use by Jacobson, and it being payable to Walker Fore or bearer, and the title thereto passing by delivery, said note would in the hands of the appellant be subject only to such equities as might be in the original obligor or maker or as such obligor or maker might have against it. And if said note so delivered to said Jacobson by the appellee (intervenor) stands in the same attitude before the law as accommodation paper, then the purchaser therof for value and without notice, even after maturity, would acquire and hold by as firm a title as though founded on a real business transaction between the parties; and that it was transferred to appellant after maturity without some equity in the maker would not defeat his right as the holder thereof. Bank v. Grant, 71 Me., 374; Dunn v. Weston, 71 Me., 270; Bank v. Texas, 20 Wall., 88, 89; Hill v. Shields, 81 N. C., 250; Crosby v. Tanner, 40 Ia., 136–139; Sayles' Civ. Stats., art. 265.

*Peteet & Crosby* for Wilson, and *J. A. B. Putman* for Garrison, appellees.— 1. In order to maintain title as an innocent purchaser for value of a negotiable promissory note, the purchaser must show that he purchased before maturity.

2. The doctrine that previous infirmities or equities do not attach to a negotiable note in the hands of an innocent purchaser applies only to notes not due.

3. The evidence having shown that the intervenor held the valid title to the note sued on, that Jacobson never held it adversely to intervenor, that appellant acquired the same after maturity, and that there was a failure of consideration on the part of Walker Fore, the court did not err in overruling the motion for a new trial.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellant, against appellee Wilson, to recover the amount of a promissory note payable to Walker Fore or bearer and to enforce a vendor's lein upon a tract of land for the purchase money of which it had been given. Appellee Garrison intervened in the suit, claiming to be the owner of the note, and prayed judgment in his favor for the amount of the debt with a decree for the enforcement of the lien. He obtained a judgment in accordance with the prayer of his plea in intervention, and the plaintiff alone appeals.

The facts as shown by the testimony were that appellee Garrison became the owner of the note by transfer from the payee very soon after its execution, and that he delivered it before maturity to one Jacobson, under an agreement that if Jacobson could use it in making a certain improvement upon his residence he would pay Garrison. Jacobson died without having been able to make use of the note in accordance with the agreement. After his death, and after the maturity of the debt, the widow of Jacobson, who had then married a second time, joined by her husband, transferred the note to the plaintiff for other notes, without notice of the agreement under which the intervenor delivered the possession to Jacobson.

The case of Weathered v. Smith, 9 Texas, 623, is very similar to the case before us. There the owner of a note payable to bearer had sent it to an agent to be presented to the legal representative of the maker, who was dead, for allowance by him and for approval by the Probate Court. It was allowed and approved, but the agent died. Subsequent to his death a third party got possession of the note and transferred it to the defendants for a valuable consideration. The true owner, Weathered, sued the defendants for the possession of the note and was held entitled to recover. In the opinion Chief Justice Hemphill says: "That the holder of a note transferable by delivery, or if payable to order endorsed in blank, is prima facia its owner and holds it on valuable consideration, is a principle too well established to be questioned; and although the note may have come into the hands of a former holder by duress, fraud, theft, or finding, yet that does not defeat the right of a present holder, but only imposes upon him the necessity of proving that he holds bona fide and for value. * * * This rule, in the latitude of its operation in favor of the actual holder, is subject to the important modification that the instrument must have come into his hands previous to its being due (Chitty on Bills; Story on Promissory Notes, section 210); otherwise it is taken subject to all the equities between antecedent parties. When acquired after overdue it is subject to all the objections affecting it in the hands of the party who first became wrongfully possessed of it or by whom it was tortiously transferred. And such is the rule in relation to the note which is the subject of this controversy. It was transferred after due. It is affected by objections against it in the hands of Abbott or other previous holder, and if recoverable from them is likewise recoverable from the de-

fendants." The opinion also holds that the fact that the note had been allowed and approved as a claim against the estate of the deceased maker would not of itself have destroyed its negotiability if it had been then negotiable, and did not affect the question. That decision is conclusive of the question before us and leads to an affirmance of the judgment. See also 1 Dan. Neg. Inst., sec. 724a, and authorities there cited.

The judgment is affirmed.

*Affirmed.*

*L. S. Schluter* and *J. L. Whittle,* for appellant, filed a motion and an argument for a rehearing.

ON MOTION FOR REHEARING.

GAINES, ASSOCIATE JUSTICE.—The earnest insistence of the counsel for appellant in his argument on the motion for a rehearing in this case, together with his commendable zeal and industry displayed by his citation of authorities, have induced us, out of abundance of caution, to give a more extended examination of the questions presented by the appeal. The result of that examination has been to confirm our former opinion without modification.

We still think that the opinion in Weathered v. Smith, 9 Texas, 622, is decisive of the present case. The title to the note in controversy was directly involved in that case, and it was held that Smith, though a purchaser for value without notice of the plaintiff's right, acquired no title as against the latter, because the note was transferred to him after maturity. The principle is that the transferee of overdue commercial paper gets no better title than that of his transferrer. The holder of such paper for value before maturity takes it discharged of every defense against it; but when dishonored it is, in respect to the title acquired by a subsequent holder, degraded to the rank of a personal chattel, the purchaser of which acquires only such title as the seller had. It was expressly so held in the case of Ashurst v. The Royal Bank, decided by the King's Bench of England and reported at length in 2 Ames on Bills and Notes, 773. The same doctrine is announced in the following cases: Thomas v. Kinsey, 8 Ga., 421; Dans v. Bradley, 26 La. Ann., 555; Emmerson v. Crocker, 5 N. H., 159; Clarke v. Sigourney, 17 Conn., 571; Dow v. Halling, 4 Barn. & Cress., 330; Foley v. Smith, 6 Wall., 492. The same doctrine is recognized in National Bank v. Texas, 20 Wall., 72; Texas v. Hardenburg, 10 Wall., 68; Gordon v. Wansey, 21 Cal., 77. See also 1 Ames on Bills, 748, note, and cases cited; Teid. on Com. Paper, sec. 295, and notes. There are cases which hold that negotiable paper transferred for value after maturity is not subject to equities as against the transferee in favor of third parties, but we do not understand that by third parties are meant, however, intermediate holders. Hence we need neither affirm nor deny their correctness.

Counsel in argument claims that the opinion misconstrues the testimony as to the consideration paid by plaintiff for the note. The testimony of plaintiff was: "I bought the note sued on from J. J. Seigal and wife, Theresa Seigal, and paid for it with other notes the sum of $550." It is not clear whether he meant that he paid other notes amounting to $550 or that he paid that sum in money for the note in question and others. Counsel is probably correct in claiming that the latter is the true construction. But the construction is unimportant. In either view the plaintiff paid value, and the case was so treated in the former opinion.

The motion for a rehearing is overruled.

*Motion refused.*