SLOAN v. GILMORE et al. (No. 368.)

(Court of Civil Appeals of Texas. El Paso. May 28, 1914. Rehearing Denied June 25, 1914.)

1. BILLS AND NOTES (§ 523*)—TRANSFER—INDORSEMENT—AUTHORIZATION.

In an action on a note, evidence *held* to support a finding that the payee did not authorize its indorsement in her name by a third person.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1822–1825; Dec. Dig. § 523.*]

2. BILLS AND NOTES (§ 524*)—POSSESSION—PRESUMPTION OF OWNERSHIP.

The presumption that possession of a negotiable instrument is prima facie evidence of title is applicable only to such instruments as pass by delivery, and does not apply to instruments payable to order.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1826–1831; Dec. Dig. § 524.*]

3. PRINCIPAL AND AGENT (§ 171*)—TRANSFER OF NEGOTIABLE PAPER—ESTOPPEL.

Where plaintiff, being the owner of a negotiable note, procured its delivery to her brother-in-law, and he without her authority transferred it to another, the fact that she received $200 from him out of the proceeds of a sale of the note, not knowing that the money came from such source, did not estop her to deny his authority to transfer the note.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 644–655; Dec. Dig. § 171.*]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Sadie Morriss Gilmore against J. M. Sloan and another. Judgment for plaintiff and defendant Sloan appeals. Affirmed.

Haynes Shannon, of Navasota, and Robt. J. Sullivan and W. N. Foster, both of Conroe, for appellant. R. W. Franklin, N. G. Kittrell, Jr., and N. G. Kittrell, all of Houston, for appellees.

HIGGINS, J. This suit was instituted by Mrs. Sadie Morriss Gilmore against R. H. Berkley, to recover upon a promissory note executed by the latter, payable to order of plaintiff, dated December 19, 1910, due one year after date. Berkley answered, admitting his obligation upon the note, tendered the amount due into the registry of the court, and impleaded J. M. Sloan, who he averred claimed to be the owner of the note. Sloan appeared and set up his claim, and the suit resolved itself into a contest over the ownership of the note between Mrs. Gilmore and Sloan. This issue was resolved in Mrs. Gilmore's favor, and Sloan appeals from the judgment rendered.

The note was given in part payment for land conveyed by Mrs. Gilmore to Berkley. Mrs. Gilmore had separated from her husband and, with her three children, had lived for six or eight months in the city of Houston at the residence of I. C. Davis, whose wife was a sister of plaintiff. Some time in summer of 1911, Mrs. Gilmore left the city for about three weeks and, upon her departure, gave to Davis an order upon J. V. Dealey, who had the note in his possession, to deliver same to Davis. In accordance with this order, Dealey delivered the note to Davis, who had his wife to indorse the name of plaintiff in blank upon the back thereof. He thereupon sold and delivered it to Sloan, who in good faith purchased same for a valuable consideration before maturity. Davis and wife testified plaintiff authorized them to make such indorsement and to negotiate same. Mrs. Gilmore testified she had the note delivered to Davis to hold for her until her return, but denied she had authorized the indorsement and negotiation thereof.

Appellant's appeal involves a consideration of two controlling questions which, in their logical order, may be stated: First. Did Mrs. Gilmore authorize the indorsement and negotiation of the note? Second. If, in fact, such authority did not exist, can the doctrine of estoppel to question the validity of the indorsement and negotiation be successfully invoked against her?

[1] As to the first, the testimony of Mrs. Gilmore is sufficient to support the court's finding that authority did not in fact exist for the indorsement and negotiation of the note, and we cannot disturb the same.

As to the next, it is in effect contended that mere possession of a note payable to order and unindorsed is sufficient authority for the holder to so deal with it as to pass title to a bona fide purchaser, for value, before maturity. The basic proposition upon which such a position must necessarily rest is that possession alone is such an indicium of ownership and title that parties dealing with such rightful possessor as its true owner will be protected.

[2] As to negotiable instruments, in which the right of property passes and is transferable by delivery, such a rule is doubtless applicable. Ross v. Smith, 19 Tex. 171, 70 Am. Dec. 327; Walker v. Wilson, 79 Tex. 185, 14 S. W. 798, 15 S. W. 402; Wilson v. Denton, 82 Tex. 531, 18 S. W. 620, 27 Am. St. Rep. 908; Bank v. Turnley, 61 Tex. 368. But as to instruments, to which the legal right and title does not pass by delivery, possession alone is not sufficient evidence of title and ownership to support a recovery thereon. It is not even prima facie proof of title. Ross v. Smith, supra; Merlin v. Manning, 2 Tex. 351; Merrell v. Smith, 22 Tex. 53; Ball v. Hill, 38 Tex. 241; Gregg v. Johnson, 37 Tex. 558. In 1 Dan. on Neg. Instr. (6th Ed.) §§ 573, 574, it is in substance stated that bare possession of an unindorsed note not payable to order of the payee does not authorize the holder to receive payment so as to bind, and indorsement is necessary to its negotiation. Since possession alone is insufficient evidence of title to maintain an action thereon, or to authorize receipt of pay-

ment, a fortiori, such possession does not authorize the holder to indorse or negotiate it, and an estoppel against the rightful owner cannot be predicated upon the fact alone that he had intrusted the bailee with possession. So intrusting the possession of such a note is not to be construed as a representation that he is the owner or otherwise authorized to deal with it as his own. The only evidence of ownership plaintiff conferred upon Davis was that she intrusted him with the possession of the note, and this is insufficient to preclude her from asserting her title. If a contrary holding were made, no owner of a note payable to order could afford to intrust its possession to a bailee. The fact that Mrs. Gilmore was a sister-in-law of Davis and had lived with him for several months has no bearing upon the question. Furthermore, Sloan testified he assumed the indorsement to be all right, and it is quite evident he relied upon no extraneous circumstances whatever.

[3] The receipt by Mrs. Gilmore of $200 from Davis out of the proceeds of the sale of the note involves a question of ratification. According to the testimony of Mrs. Gilmore and her attorney, it seems she received this sum in part payment of a balance of the cash payment made when the land was conveyed to Berkley and which had been received by Davis. According to their testimony, they did not know at this time from what source Davis obtained the money to pay the $200 or that the note had been negotiated. She did not know Davis had disposed of the note until several months after she received the $200. Under such circumstances, she cannot be held to have ratified the indorsement and negotiation.

The third assignment complains of the allowance of attorney's fees to Berkley as part of the costs and taxation thereof against Sloan; it being contended Berkley had not made tender of amount due upon note at the proper time or in proper manner. To this it may be replied that no exception seems to have been taken to either the time or manner of tender, and furthermore, since Sloan was not the rightful owner of the note, he had no concern or interest in the sufficiency of the tender in either respect.

Affirmed.