# DISTRICT NATIONAL BANK *v.* TRIMBLE.

---

### BILLS AND NOTES; BANKING; REPLEVIN.

An action of replevin lies against a bank to recover possession of overdue promissory notes received by it from a private banking firm to secure the payment of an overdraft by the firm, where it appears that the notes evidenced a debt secured by deed of trust on property owned by the plaintiff and her sister; that the debt had been paid on maturity of the notes by the plaintiff, who had then left the notes with the banking firm for safe-keeping and receipt from her sister semiannually of one half of the interest, and the notes were used by the firm to pay its overdraft without the plaintiff's authority.

No. 3006.   Submitted March 7, 1917.   Decided April 16, 1917.

---

Note.—On right to maintain an action of detinue or replevin to recover possession of a promissory note, see note in 3 L.R.A. (N.S.) 138.

HEARING on an appeal by the defendant from a judgment of
the Supreme Court of the District of Columbia, on verdict, in
an action of replevin to recover the possession of promissory
notes.                                                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an action of replevin brought by Rachael E. Trimble
to recover the possession of five promissory notes for $1,000
each from the District National Bank.   The notes were exe-
cuted July 12, 1904, by Washington Nailor, payable three years
after date, with 4½ per cent interest, to the order of Francis P.
Morse, and secured by trust deed upon real estate of said Nailor.
They were indorsed with the name of Francis P. Morse, "with-
out recourse."   Washington Nailor died, and his estate passed
to Mrs. Trimble and her sister Mrs. Clark, who were his heirs
at law, subject to the said trust deed.   Mrs. Clark was not
prepared to pay her proportion of the notes, and Mrs. Trimble
paid them July 12, 1910, but they were not stamped as canceled.
The certificate of title, expired trust deeds, tax certificates, and
insurance policy were received and kept by Mrs. Trimble.   Mrs.
Clark wished to continue to pay interest on the notes until she
could pay her proportion, and Mrs. Trimble, who kept a bank
account with Lewis Johnson & Company, delivered the notes
to them for safe-keeping and for the purpose of receiving the
interest on them.   The interest was paid half yearly by a real
estate firm, and all that Lewis Johnson & Company did was to
receive the money and place it to the credit of Mrs. Trimble.
The notes were not hypothecated to Lewis Johnson & Company,
but only deposited for safe-keeping, and they had nothing to
do save to receive the interest when paid.   Mrs. Trimble de-
manded her notes, but they were not delivered.

Defendant introduced proof tending to show that on October
27, 1914, Lewis Johnson & Company executed a note to the
District National Bank for $11,000, payable on demand.   Cred-
its on this note were, January 7, 1915, $3,191.93, and December

31, 1915, $1,020.48. There is recited in such note, among other collateral securities, the aforesaid Washington Nailor notes for $1,000 each. The cashier of the bank testified that on September 19, 1914, Lewis Johnson & Company gave them a draft on one Barkley, of Philadelphia, for $5,000, which was protested for nonpayment, though carried by the bank until October 28. October 23rd, Lewis Johnson & Company deposited with the bank, when their account was considerably overdrawn, two drafts for $1,000 each. These were returned protested. October 26th, Lewis Johnson & Company drew a draft on the bank for $1,500, which was reported back, "no good." October 26 Lewis Johnson & Company drew checks for $1,491 against the defendant bank. They also drew for $4,000, which was declined. Their account was then $15,000 overdrawn. The cashier went to Lewis Johnson & Company and made them a loan of $4,000 to take up the $4,000 check aforesaid, with certain stock as collateral security, and then arranged for two further notes, the $11,000 one and one for $5,000 for what collateral Lewis Johnson & Company could get up. These loans were used in paying Lewis Johnson & Company's overdrafts. The collateral was taken without investigation and inquiry. The notes were then more than seven years overdue.

The court refused to instruct the jury to return a verdict for the defendant, and charged them that if the notes were left with Lewis Johnson & Company, with no authority other than to receive the interest paid on the notes, the plaintiff was entitled to a verdict.

Defendant asked many special instructions to the effect that by paying interest after deposit of the notes plaintiff was estopped to deny that they were overdue; that the notes were transferable by delivery, and plaintiff was estopped to claim them; that if the notes were left with Lewis Johnson & Company and were by them pledged to the bank without notice, the plaintiff was estopped; that by leaving the notes with Lewis Johnson & Company with indicia of ownership, plaintiff was estopped if the bank received the notes in good faith.

Vol. XLVI.—21.

*Mr. Wharton E. Lester, Mr. Ralph P. Barnard,* and *Mr. Guy H. Johnson,* for the appellant, in their brief cited:

*Annan* v. *Houck,* 4 Gill, 325, 45 Am. Dec. 133; *Bank* v. *Dixon,* L. R. 3 P. C. 574; *Bank* v. *Texas,* 20 Wall. 72; *Berry* v. *Robinson,* 9 Johns. 121; *Brooklyn City R. Co.* v. *Bank of Republic,* 102 U. S. 14; *Bull* v. *Bank,* 14 Fed. 612; Chitty, Bills, 215; *Colt* v. *Barnard,* 18 Pick. 260; *Connell* v. *Bliss,* 52 Me. 476; 7 Cyc. 850, 851, 898; Daniel, Neg. Inst. 726; D. C. Code, secs. 1311, 1334, 1359; *Dixon* v. *Clayville,* 44 Md. 580; *Eversole* v. *Maull,* 50 Md. 95; *Flanders* v. *Barstow,* 18 Me. 357; *Foley* v. *Smith,* 6 Wall. 492; *Gardner* v. *Beacon Trust Co.* 190 Mass. 31, 2 L.R.A. (N.S.) 770; *Goodwin* v. *Davenport,* 47 Me. 112, 74 Am. Dec. 478; *Greer* v. *Lafayette Bank,* 128 Mo. 559; *Hughes* v. *Monty,* 24 Iowa, 499; *Hutchins* v. *Langley,* 27 App. 234; Jones, Coll. Sec. 104; *Kane* v. *Cortesy,* 100 N. Y. 132; *Kempner* v. *Huddleston,* 90 Tex. 182; *Kirkwood* v. *Bank,* 40 Neb. 484, 46 L.R.A. 760; *McCarty* v. *Roots,* 21 How. 432; *McNeil* v. *Bank,* 46 N. Y. 325; *McSherry* v. *Brooks,* 46 Md. 108; *Mitchell* v. *Catchings,* 23 Fed. 710; *Moore* v. *Moore,* 112 Ind. 149; *Murray* v. *Lardner,* 21 Wall. 110; *Morris* v. *Preston,* 93 Ill. 215; *Mudd* v. *Harper,* 1 Md. 113; *Natl. Svgs. & Trust Co.* v. *Hibbs,* 32 App. D. C. 459, 229 U. S. 391; *Osgood* v. *Thompson Bank,* 30 Conn. 27; *Ramot* v. *Scotenfels,* 15 Iowa, 457, 83 Am. Dec. 425; Randolph, Commercial Paper, 675; *Renwick* v. *Williams,* 2 Md. 364; 3 R. C. L. p. 1071, secs. 277, 278; *Sanford* v. *Mickles,* 4 Johns. 224; *Sayles* v. *Garrett,* 110 U. S. 288; Story, Promissory Notes, Sec. 178; *Swift* v. *Tyson,* 16 Pet. 1; *Thompson* v. *Perrine,* 106 U. S. 593; *Thompson* v. *Hale,* 6 Pick. 259; *Tomlinson Carriage Co.* v. *Kinsella,* 31 Conn. 268; *Weeks* v. *Pryor,* 27 Barb. 79; *Wethey* v. *Andrews,* 3 Hill, 582; *Wolf* v. *A. T. & S. Bank,* 132 C. C. A. 410, 214 Fed. 761; *Y. M. C. A.* v. *Bank,* 179 Ill. 559.

*Mr. Frank J. Hogan, Mr. Wm. H. Donovan, Mr. C. W. Darr,* and *Mr. Julius I. Peyser,* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The notes being seven years overdue when taken over by the bank, there can be no pretense of an innocent purchase without notice. The notes had been paid at maturity by plaintiff, who was jointly bound on them with Mrs. Clark. Mrs. Clark became indebted to plaintiff for one half of the amount of the notes by reason of plaintiff's payment of the whole amount, and plaintiff was merely subrogated to the right of Morse for her protection. The notes were paid, and there was no attempt to put them in circulation again. They were deposited with Lewis Johnson & Company for the receipt of interest thereon. They had possession of them for safe-keeping merely and the receipt of the interest, and the bank was bound to investigate and inquire into their title. The transfer of the notes to defendant was a mere bailment for a particular purpose, and it could pass no title. *Foley* v. *Smith,* 6 Wall. 492, 18 L. ed. 931. The sellers could pass no better title than they had themselves. See also *Morgan* v. *United States,* 113 U. S. 476–479, 28 L. ed. 1044, 1045, 5 Sup. Ct. Rep. 588.

While we feel that this disposes of the case, we may consider the contention of the defendant that it took title by estoppel for this is the only way in which one could obtain title to a promissory note against the true owner after its maturity. The defendant knew that the notes were more than seven years past due, and made no inquiry whatever. The maker of the notes was dead, and while it is true that interest had been paid upon them regularly, this was part of the understanding with which they were left with Lewis Johnson & Company. They, in violation of their trust, undertook to assign the notes to the bank as collateral security for their overdrafts. If they could procure title to the notes under such circumstances, their situation would be the same as a purchaser without notice before maturity.

The judgment was right and is affirmed with costs.

*Affirmed.*

A motion for a reargument was denied April 27, 1917.