### SECURITY NAT. BANK v. MORGAN.*
### (No. 8704.)

(Court of Civil Appeals of Texas. Dallas. Nov. 4, 1922. Rehearing Denied Dec. 9, 1922.)

1. Garnishment &⇒106—Writ impounds defendant's effects in garnishee's hands and appropriates latter's debt to defendant until day named for filing answer.

A writ of garnishment impounds all of defendant's effects in garnishee's hands and appropriates whatever indebtedness is owing by the latter to defendant from the time of service until the day named therein for filing an answer.

2. Garnishment &⇒162—Plaintiff controverting garnishee's denials of indebtedness to or possession of effects of defendant must show latter's ownership of fund.

In garnishment proceedings, the burden is on plaintiff, on controverting the garnishee's answer denying any indebtedness to defendant or possession of any of its effects, to show defendant's ownership of the fund sought to be garnished.

3. Bills and notes &⇒209—Paper payable to order must be indorsed to pass title.

,While possession of negotiable paper payable to bearer, which is transferable merely by delivery, is prima facie evidence of title in the holder, if payable to order, indorsement as well as delivery is necessary to pass title, unless the party in possession shows ownership by evidence not appearing on the paper itself.

---

**4. Garnishment ⬷164—Introduction of draft payable to order, but not indorsed held sufficient to establish prima facie case for recovery of proceeds in hands of garnishee.**

In garnishment proceedings to recover the proceeds of a draft drawn on plaintiff by one against whom he subsequently obtained a judgment, plaintiff made a prima facie case by introducing the draft, which was payable to order, but not indorsed, the absence of indorsement being sufficient to show that it had not been transferred, in the absence of sufficient rebuttal testimony.

**5. Banks and banking ⬷165—Banks acquire no title to drafts and proceeds passing through their hands.**

Banks, through which a draft and its proceeds pass, acquire no title thereto, being really agents of each other and of the real owner.

**6. Garnishment ⬷123—Garnishee held not relieved of liability for proceeds of draft because drawer's name was not on its books as depositor.**

A bank receiving a draft from another bank for presentation to the drawee could not avoid liability to the latter, in garnishment proceedings brought by him as judgment creditor of the drawer, for the amount paid by him, because the drawer's name did not appear on its books as a depositor; it being bound to look at its drafts to ascertain the ownership of funds coming into its hands.

**7. Garnishment ⬷123—Garnishee failing to implead parties interested in proceeds of draft payable to defendant as drawer, and not indorsed, cannot complain of finding that proceeds belonged to defendant.**

A bank sued as garnishee for the proceeds of a draft, an inspection of which would have disclosed that it was payable to defendant as drawer and not indorsed by it, but failed to avail itself of its right to implead all interested parties and hold the fund in its hands until the court awarded a disposition of it, could not complain of the court's finding that the proceeds belonged to defendant.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by R. W. Morgan against the Security National Bank, as garnishee. Judgment for plaintiff, and defendant appeals. Affirmed.

Leake & Henry, of Dallas, for appellant.
W. B. Hamilton and Spence Haven & Smithdeal, all of Dallas, for appellee.

SERGEANT, C. J. On July 12, 1918, Big Diamond Oil & Refining Company of Oklahoma City, Okl., drew a draft on R. W. Morgan, of Dallas, Tex., which said draft read as follows:

"Tradesmen's State Bank.

"Oklahoma City, Okl., July 12, 1918.
"Pay to the order of Big Diamond Oil & Ref. Co. $625.50, six hundred twenty-five and ⁵⁰/₁₀₀

dollars, for value received, and charge to account of                          ,

"[Signed]   Big Diamond Oil & Refining Co.,
            "By Oscar Houston, Treas.,
            "Per P. M. Faver, Pres.

"To R. W. Morgan, Dallas, Texas.  1314 S. W. Life Bldg."

Across the end: "Customer's Draft."
Indorsed on back: "Payment refused. Stock certificate should be attached."
Indorsed by stamp: "Pay any bank or banker. All previous indorsements guaranteed. 39—15. Jul. 12, 1918.   39—15.

            "Tradesmen's State Bank,
                    "Oklahoma City, Okl."
Also indorsed: "Pay to the order of any bank, banker or trust company. All prior indorsements guaranteed. Jul. 13, 1918.

            "Stockyards National Bank,
                    "Fort Worth, Texas.
            "Roy C. Vance, Cashier."

The draft not indorsed by Big Diamond Oil & Refining Company was placed in the Tradesmen's State Bank of Oklahoma City, Oklahoma, which bank in turn sent it on to the Stockyards National Bank at Fort Worth, Tex., after indorsing it. The Stockyards National Bank, after placing its indorsement on the draft, sent it on to the Security National Bank at Dallas, who presented it to R. W. Morgan for payment. Morgan made a notation on the draft with his pencil, "Payment refused. Stock certificate should be attached," and directed the Security National Bank to return the draft, contending that he had purchased some stock from the Big Diamond Oil & Refining Company, that the draft was for the balance due on the stock, and that he wished possession of the stock before paying the draft. The draft was returned, and in due course came back to the Security National Bank with the stock attached, and was again presented to Morgan for payment. He replied that he would be in the bank later in the day and take up the draft. Accordingly in the afternoon Morgan went to the bank and paid off the draft.

Prior to this time Morgan had instituted a suit in the district court of the Fourty-Fourth judicial district of Texas at Dallas against Big Diamond Oil & Refining Company and P. M. Faver which some time after went to judgment in favor of Morgan against said defendants for $5,900. Part of the judgment was satisfied, but approximately $1,000 was still due on this judgment at the time the aforementioned draft reached Dallas the second time. Accordingly Morgan sued out a writ of garnishment in the same court in which the main suit was pending, and almost simultaneously with the payment of the draft had the writ of garnishment served on the Security National Bank while it still had in its hands the proceeds of the draft. The Security National Bank filed an answer in garnishment denying that it owed defendant anything or that it had any effects in its

hands belonging to said Big Diamond Oil & Refining Company. This answer was controverted by Morgan, and upon trial judgment was rendered in favor of Morgan against Security National Bank for the amount of the draft. From this judgment the Security National Bank appealed to this court.

[1] A writ of garnishment impounds all effects of the defendant in the hands of the garnishee and appropriates whatever indebtedness is owing by garnishee to defendant from the time of service of the writ until the day named therein for filing an answer. Gause v. Cone, 73 Tex. 239, 11 S. W. 162. Consequently, if the proceeds of the draft belonged to the Big Diamond Oil & Refining Company, they were subject to the writ of garnishment; otherwise if the title was elsewhere.

[2] When the answer of the garnishee was controverted, the burden of proof was on the plaintiff to show ownership of the fund. This plaintiff endeavored to do by introducing the draft itself in evidence. Such draft showed the payee to be the Big Diamond Oil & Refining Company and the apparent owner, and contained no indorsement of the payee divesting itself of title, and therefore made out a prima facie case of ownership in such Big Diamond Oil & Refining Company.

[3] Negotiable paper payable to bearer may be transferred merely by delivery, and its possession is prima facie evidence of title in the holder. But, if payable to order, indorsement as well as delivery is necessary to pass title, unless the party in possession can show ownership by other evidence not appearing on the paper itself.

[4] Had the draft which is payable to order borne the indorsement of the Big Diamond Oil & Refining Company, it would have been prima facie evidence that it had been transferred, but, having no such indorsement a prima facie case was made by introducing the draft alone in evidence. There was insufficient testimony on the part of the garnishee to rebut the prima facie case thus made. Therefore the trial court's conclusion of fact finding that the proceeds of the draft belonged to Big Diamond Oil & Refining Company must be upheld. Sloan v. Gilmore (Tex. Civ. App.) 167 S. W. 1089; Ross v. Smith, 19 Tex. 171, 70 Am. Dec. 327; Merrill v. Smith, 22 Tex. 54; Ball v. Hill, 38 Tex. 241.

[5] It is contended that, when the garnishee credited on its books the proceeds of the draft to the Stockyards National Bank at Fort Worth, the relation of debtor and creditor existed between such banks, and that the garnishee thereupon became indebted, not to Big Diamond Oil & Refining Company, but to the Stockyards National Bank. There is some conflict between the courts of the various states on this point, but the weight of authority as well as the better reasoning is to the effect that the banks through whose hands the draft and its proceeds pass acquire no title, but are really agents each of the other and of the real owner. Heid Bros. v. Commercial National Bank (Tex. Com. App.) 240 S. W. 910, and cases therein cited.

[6] Contention is also made that the garnishee, not being able to find on its books the name of Big Diamond Oil & Refining Company as its depositor, was not bound to look at its drafts to ascertain ownership of funds coming into its hands We do not think this statement is sound.

[7] Further, Frank Ayres, assistant cashier of the Security National Bank testified:

"We had the draft before us when we handled it, and of course I knew that it was payable to the Big Diamond Oil & Refining Company, and an inspection of it would have disclosed to me, as it does now, that it is not indorsed by the Big Diamond Oil & Refining Company."

Therefore garnishee had knowledge of the true status of the fund. In addition to this, garnishee had the right to implead all parties who might have an interest in the proceeds of the draft, and to hold such fund in its hands until the court awarded a disposition of it. Garnishee, having knowledge of the facts, and failing to avail itself of its right to implead all interested parties, cannot complain of the court's finding. Commercial National Bank v. Heid Bros. (Tex. Civ. App.) 226 S. W. 810.

The judgment of the trial court is affirmed.