Mr. Justice Lipscomb
delivered the opinion of the court, Mr. Justice Wheeler not sitting.
This suit was brought on an instrument of writing, as follows, i. e.:
Mobile, June 10, 1839.
This may certify that I am indebted, for merchandise, to Lui Collet, in the sum of two hundred dollars, for value received. (Signed) C. Merlin.
The plaintiff alleges in his petition that this instrument was transferred to him by the payee by delivery. There is no averment that the plaintiff had paid any value for the note.
The defendant demurred and pleaded that the plaintiff had no right to sue him, according to the allegations, general denial and some other pleas not material to be noticed. On the trial the judge was requested to make the following specific charges:
1st. That every plaintiff is bound to sustain by proof every material allegation of his petition.
2d. That it is a material allegation of a plaintiff, who sues as assignee, that the note was assigned to him by delivery or otherwise.
3d. That if a plaintiff sues as assignee or holder, he must show that he is assignee.
*353 4th. That in the case before the court the plaintiff was bound to prove by testimony that the plaintiff, R. J. Manning, is the holder of the note sued on.
The judge charged that the production of the note is evidence or testimony, and that if Manning was the holder of the note at the time of bringing the action, it is prima facie evidence of a transfer by delivery and ownership.
The points presented were so imperfectly constructed that the judge might well have refused to charge on any one of them. There can be no doubt, however, that the object of the defendant’s counsel was to have the jury charged, that in order for the plaintiff to recover he must prove that he was the bona fide holder for a valuable consideration, and that the note or writing had been actually transferred to him by the payee. And to charge against any implication in his favor from the mere fact of his being in possession of the instrument; that this was the object of the defendant’s counsel, may be collected from the fact that the paper had no written assignment on it, and that in his plea of setoff, he says the payee died intestate. Points presented by a bill of exceptions should be so distinct and expressive as to the parties’ object, that nothing should be left to inference.
In the charge of the judge we think there is error. Ho seems to have gone on the ground that the possession raised a presumption of ownership and gave a right of action. The-possession of an instrument like the one sued on does not create such presumption as to dispute with proof; the rule that possession of a note or bill is presumptive evidence of the holder being the owner, applies to such instruments as are negotiable. If a person is in possession of a note indorsed in blank; having nothing but the payee’s name on the back of it, or is the holder of a note payable to bearer, as it is evident such papers are intended to be negotiated, the presumption is that in the course of business such paper comes into the hands of the holder in a fair and just way. But the paper sued on is not negotiable by delivery and would not draw with its possession such presumption of ownership as it would in favor of the holder of negotiable paper. It would seem that when *354 lie is permitted under our system of jurisprudence to sue in liis own name, he should be required to aver and prove his right to the note.
In this case the defendant demurred to the plaintiff’s petition and excepted to the right of action being in the plaintiff. The demurrer and the exception brought up the question of sufficiency of the petition, and had it been insisted on it ought to have prevailed, for the want of an averment of the manner in which the plaintiff became the owner; and it should have averred that it was for a valuable consideration; this he would have been required to do on the principles governing courts of equity. And that it would have been strictly required of him there can he no doubt, as suspicion would have rested on the transaction from the fact that he claimed to be the owner of an instrument not assigned which, hv law, could have been legally assigned. He would have been required to rebut that presumption by proof of true ownership, and would not have been permitted to have sustained his right by a presumption arising from possession. The demurrer and exception, then, ought to have been sustained. It does not, however, appear to have been acted on at all by the court; and the parties going to the jury on pleas to the merits ought to be considered a waiver of the demurrer and exception.
•It is perfectly clear that the instrument was not negotiable by delivery, and according to the practice of common law courts could not have given the plaintiff a right of action in his own name; even if he was a holder by purchase for a valuable consideration from the payee, it would have given him at most only an equitable claim to the proceeds thereof. See Smith’s Mercantile Law, 150,181, 184; Ohitty on Bills, 5SY. It is believed that under our laws if the plaintiff had been the true owner for a valuable consideration he could, by presenting his case fairly, sustain his action in his own name. "Where the distinction between equity and common law jurisdiction is made in a case like this, the owner of the paper would have to seek his remedy in a court of equity. True it is, that by a liberal construction of the powers of a common law court, it will be found that the holder will he permitted to *355 bring the suit in the name of the payee to plaintiff’s use, but it is believed that if the payee is dead he would be compelled to go into a court of equity to establish his equity. By our practice and by the laws of the land no distinction is made between law and equity jurisdiction. If a party has a right that can be supported on the principles of either he can assert such right in the common form and by a petition. We see no reason, then, for refusing to administer relief when he sues as the owner of such instrument, although it is not made negotiable by delivery. But then as the note is not negotiable and he could not sue in his own name, at law we see no reasoD why he should be allowed the common law presumption arising from the possession of án evidence not transferable by delivery. If Manning came fairly to the possession of the evidence of debt upon which he has sued and is the real owner, he will be able to establish that fact on amending his petition and making the appropriate averments.
The judgment must be reversed and the cause remanded, and it will be competent for the court below to permit amendments to either party on such terms as will be reasonable and just.