E. B. GREGG, ADMINISTRATOR, v. W. M. JOHNSON.

1. In an action upon a promissory note, not in law a negotiable instrument, instituted by any one other than the payee of the note, a plea of general denial will put in issue the plaintiff's ownership of the note, and whether he is a holder for value.

2. A mere transfer by delivery of a promissory note, not in law a negotiable instrument, will not enable the holder to recover in an action upon it, without averring and proving *bona fide* ownership.

APPEAL from Lamar. Tried below, before the Hon. R. H. Taylor.

The head-notes and opinion of the court sufficiently indicate the facts of the case.

*Dohoney & Hale*, for the appellant. There are two classes of negotiable instruments defined in our statute, Paschal's Digest, Articles 220 and 221.

*First.* Such as are made payable to "bearer;" and those made payable to "order," and indorsed on the back.

The first, like a bank bill, passes by delivery; the latter by indorsement and delivery, and authorizes the holder to sue in his own name; without further proof, in the one case, of ownership, than the possession, and in the other, of the blank indorsement and possession. These instruments, and these alone, are termed by our statute "negotiable instruments."

There is another class of instruments laid down in our statute (see Paschal's Digest, Article 222), which are called unnegotiable instruments, and which do not pass by delivery, nor by blank indorsement; but when suit is instituted on any such instrument, by any person other than the payee, it is necessary to allege ownership for value, and the note and mere blank indorsement thereon are not sufficient proof of these facts, but the plaintiff should prove *aliunde* his ownership for value, to overcome a general denial, and a plea in abatement. (See

Merlin *v.* Manning, 2 Texas, 351 to 354; Ross *v.* Smith, 19 Texas, 171 to 174; Merrill *v.* Smith, 22 Texas, 53 and 54.)

It is true this "ownership for value" may be proven *prima facie* by a special assignment to the plaintiff, or it may be proven by parol; but there is a material difference between a mere blank indorsement on a non-negotiable instrument, which does not designate and point out who the legal owner thereof is, and a special written assignment of such an instrument, which shows on its face to whom the title passes, for value; and when a party comes into court asserting his right to recover upon such an instrument, he must prove his right to do so, and the blank indorsement is not sufficient for that purpose, because it does not show that he (the holder) more than any other person, is the owner, or that he came by it in a proper way, and for value. Hence we insist that there was manifest error, and the judgment ought to be reversed.

No brief for the appellee has reached the hands of the reporter.

WALKER, J.   This was an action on a promissory note made payable to J. C. Hartley. It is not what in law is termed a negotiable instrument. J. C. Hartley indorsed it in blank.

Where other than the payee of such a note sues upon it, a general denial by the defendant will put in issue the ownership of the note for a valuable consideration. A mere transfer by delivery will not enable the holder to recover, without averment and proof of such *bona fide* ownership. (See Merrill *v.* Smith, 22 Texas, 53.) The judgment in this case will be reversed and the cause remanded.

Reversed and remanded.