LEWIS, KATE, SUE AND THOMAS H. BALL v. JAMES A. HILL, ADMINISTRATOR DE BONIS NON OF ESTATE OF T. H. BALL.

1. Where the answers of a witness are not full in response to a cross-interrogatory, which seeks to explore the source of his knowledge about the fact testified to, his testimony, if admitted at all, should be with great caution to the jury.

2. The possession of a non-negotiable note without a written assignment is not evidence of ownership; the holder must show that he is the *bona fide* owner, and the manner in which he became such.

APPEAL from Walker. Tried below before the Hon. J. R. Burnett.

The appellee filed an application in the District Court of Walker county on the eleventh day of July, 1871, alleging that he was the holder and owner of a note, executed by his intestate on the sixth day of August, A. D. 1856, to W. A. Leigh, for two thousand dollars, due on the first day of January, 1857; that said note was by said Leigh transferred to J. C. & S. R. Smith, and by them to appellee; that said note was, after being duly authenticated, allowed by W. F. Perrie, former administrator of said Ball's estate, on the first of February, 1859, and said allowance was approved by the chief justice of Walker county on the fifteenth day of September, 1860; that it was given to secure so much of the purchase money of two and three-fourths acres of land adjoining the town of Huntsville, with the improvements thereon; and prayed that notice be given, and that said land be sold to satisfy said note and interest, less certain credits endorsed on it. The appellants, most of whom were minor children of said Ball, answered that the property sought to be sold was the homestead of T. H. Ball at his death, and that they still occupied it. They denied all the allegations in said Hill's application, and averred that if the note was given for the land no lein was reserved, and, if reserved, it had been waived. Appellants filed written motion to suppress depositions of J. C. Smith. 1. "Because he had not fully answered cross-interrogatory propounded by them, to-wit, 'Do you know the fact of your own knowledge, or did you learn it from some else; if so, of whom?'" * * * This motion the court overruled. Appellee introduced deed from Leigh and wife to

Ball to the land, of same date of the note, which acknowledged the receipt of $4000, the entire consideration of the land. The appellants asked the court to give the following, among other charges, which was refused, viz. :

1. "That the note produced in evidence in this cause is not negotiable, and possession of it by J. A. Hill is no evidence of ownership ; you will therefore find for defendants, unless said Hill has proven that the note was assigned to him, or that he paid a consideration for it."

There was a verdict and judgment for appellee.

*Randolph & McKinney*, for appellants.—The refusal to give the first special charge asked by appellants was manifest error, for which alone the cause ought to be reversed.

In the cases of Merlin v. Manning, 2 Texas, 351 ; Ross v. Smith, 19 Texas, 171 ; and Merrill v. Smith, 22 Texas, 53, it is held, that the possession, by a third party, of a non-negotiable note, without written assignment, is no evidence of ownership ; and that the holder of such an instrument, in the lifetime of the maker, might be permitted, at common law, to bring the suit in the name of the payee, to plaintiff's use, and, in equity, to bring suit in his own name ; but in the event he resorts to his equitable action (as appellee did in this cause), he must aver and prove that he came *bona fide* into possession for value.

The effect of the decree of the court below, as it now stands, is to take from the heirs of T. H. Ball the homestead which he and they had held peaceable possession of, under a deed which recited the payment of the purchase money, for more than sixteen years, and give it to the appellee, who never had a shadow of title to it, and who never proved, or even averred, that he ever paid one cent for it.

*Abercrombie & Banton,* for appellee, cited Mundy v. Able, 19 Texas, 213; McAlpine v. Burnett, 19 Texas, 500.

WALKER, J.—This is an action brought by the administrator *de bonis non* of Ball's estate against his heirs to turn them out of his homestead by virtue of a real or pretended vendor's lien claimed by the plaintiff to secure a note for $2000 given by T. H. Ball, deceased, on the sixth of August, 1856, to W. A. Leigh, and due one year from date.

The suit was filed on the eleventh of July, 1871. The plaintiff claims to be the owner and holder of the note. The note was transferred by Leigh to J. C. & S. R. Smith, and was allowed as a claim against the estate of Ball by W. F. Perrie, a former administrator, and the allowance was approved by the chief justice on the fifteenth of September, 1860. The appellants, most of whom appear to be minors, deny all the allegations in the plaintiff's petition, and aver that if the note formed any part of the consideration for the property in question, no lien was reserved.

The deed from Lee to Ball acknowledges the receipt of $4000, the consideration named. The first error in the proceedings of the District Court to which our attention is called, is that of overruling the exception to the deposition of J. C. Smith, and it does appear to us that if this deposition were admitted at all, it should have been under great caution to the jury. The witness does not answer the cross-interrogatory as to how he obtained the knowledge of the facts to which he testified, but his answers raise the presumption that his evidence was not derived through T. H. Ball, the only source which could have made it competent in this case. His statements consisted rather of deductions made in his own mind, or impressions for which he does not satisfactorily account.

We think the court erred in refusing to give the first special charge asked by the appellants. The production of this note was no evidence of ownership in J. A. Hill, and it was necessary for him to prove that the note had been transferred to him for a valuable consideration. (See Merlin v. Manning, 2 Texas, 351 ; Ross v. Smith, 19 Texas, 171 ; Merrill v. Smith, 22 Texas, 53.) The possession of a non-negotiable note, without a written assignment, is not evidence of ownership. The holder of such a note, at common law, might sue in the name of the payee for his own use, or he might sue in equity as in this case in his own name, and prove himself the *bona fide* owner for a valuable consideration.

In a case like this the plaintiff must prove that he is a *bona fide* owner, and the manner in which he became such. The note in this case, by the allowance of a former administrator, and the approval of the probate judge in 1860, became a quasi judgment against the general assets of the estate of T. H. Ball, and should have been paid in due process of administration ; and it is very doubtful whether, after so great a lapse of time, a court of equity will allow even a *bona fide* holder and owner of the note to change the form of the remedy and proceed in equity to sell the homestead of minor heirs.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.