## WARREN v. SIGMOND ROTHSCHILD CO.
### (No. 812.)

(Court of Civil Appeals of Texas. Beaumont. April 27, 1922.)

1. **Assignments ⬤⟳134—Alleged assignee must prove assignment.**

Where, in an action for breach of a warranty of soundness of goods shipped, plaintiff alleged that the cause of action accrued to a partnership which had assigned it to the plaintiff, and defendant pleaded a general denial, the plaintiff must prove the assignment.

2. **Assignments ⬤⟳134—Possession of nonnegotiable paper raised no presumption of assignment of claim.**

On the issue whether there was an assignment of a claim arising out of a breach of warranty of goods sold, the fact that the alleged assignee had possession of the canceled purchase-money draft and the correspondence of the parties was without probative force, as mere possession of nonnegotiable paper raised no presumption that the holder had the right to it.

3. **Appeal and error ⬤⟳174—Power of assignee to sue may be raised for first time in brief on appeal.**

In an action by alleged assignee of a claim for breach of warranty of goods sold, the question whether there was any evidence of an assignment, although raised for the first time in the brief on appeal, should be considered as presenting fundamental error.

4. **Sales ⬤⟳442(1)—Measure of damages stated where part of goods unsound.**

Where seller who had paid for goods sold f. o. b. shipping point brought action for breach of warranty, part of the goods being accepted as sound, the measure of damages was the price less the value of those accepted, plus the freight on those not accepted.

Appeal from Harris County Court; John W. Lewis, Judge.

Action by the Sigmond Rothschild Company against John B. Warren. Judgment for plaintiff, and defendant appeals. Reversed, and remanded for new trial.

Warren & Conn, of Houston, for appellant.
Atkinson & Atkinson, of Houston, for appellee.

WALKER, J. Appellant makes the following statement in this case:

"The appellee brought this suit in the county court against appellant to recover damages. The appellee alleged that it was a corporation, and as such corporation succeeded to the assets, claims, etc., of the partnership of Sigmond Rothschild & Co. It further alleged that the said partnership purchased from the appellant one car of sugar cane tops at the price of $20 per ton f. o. b. the cars at English, Tex., which tops said appellant guaranteed to be cured, dried, and sound when baled; that on or about December 11, 1917, the defendant loaded 18½ tons of sugar cane tops into said car and drew a draft with bill of lading attached on said Sigmond Rothschild & Co., and the said bill of lading delivered to said Sigmond Rothschild & Co., that the defendant, at the request of said company, shipped said cane tops from English, Tex., to Manor, Tex., to the defendant's order; that, when said car of cane tops was unloaded at Manor, 11,110 pounds were found to be in good and marketable condition, and the balance of said cane tops were rotten and of no value at all; that the said Sigmund Rothschild & Co. had sold said cane tops to W. G. Loudecke at Manor, Tex., and upon the arrival of the same at Manor they were refused by Loudecke because of their condition; that the said Loudecke thereupon handled said car of cane tops for the account of the said Sigmond Rothschild & Co., and after paying all charges and freight thereon said Sigmond Rothschild & Co. realized therefrom the sum of $63.35; that said Sigmond Rothschild & Co. were damaged in the sum of $306.65, same being the agreed purchase price after allowing to the defendant credit for the said sum of $63.35, being the amount received therefor, for which the plaintiffs sued. Defendant pleaded a general demurrer and a general denial. The case was tried before the court, and judgment rendered for the appellee in the sum of $306.65, with interest from April 4, 1918, to all of which the defendant excepted and gave notice of appeal to the Court of Civil Appeals, First Supreme Judicial District of Texas, at Galveston."

[1] His first proposition is as follows:

"There is fundamental error in the record in that the evidence fails to show the right of the appellee to maintain this suit. Having alleged that the cause of action accrued to Sigmond Rothschild & Co., a partnership, and that the partnership had transferred the same to the plaintiff corporation, the latter was required to prove said transfer before it could maintain a suit against the appellant shows liability was, if any, to Sigmond Rothschild & Co., a partnership."

This proposition announces a correct principle of law. We have carefully examined the entire statement of facts, and find no evidence that this cause of action was ever assigned to plaintiff by the partnership of Sigmond Rothschild & Co. The burden rested on appellee to show that it was the owner of the cause of action, as pleaded. The rule in this case is thus stated by Corpus Juris, vol. 5, p. 1015, § 249:

"It has been said that, in order to recover upon an assignment of a chose in action, it is essential that plaintiff establish: First, that there was a cause of action; second, that it was such a cause of action as could be assigned; and, third, that it has been assigned."

And again, in the same volume, p. 1019, § 260:

"Evidence of the assignment should be of a direct and positive character."

The following Texas authorities sustain the rule as quoted: Childress v. Smith, 90 Tex. 610, 38 S. W. 518, 40 S. W. 389; Standifer v. Bond Hdw. Co. (Tex. Civ. App.) 94 S. W. 144; Day v. Trading Co. (Tex. Civ. App.) 183 S. W. 85; Intertype Corporation v. Sentinel Publishing Co. (Tex. Civ. App.) 206 S. W. 548.

[2] Appellee makes the following statement on the issue of assignment of the cause of action:

"The evidence of the witness L. Jenison discloses that he was a partner in the firm of Sigmond Rothschild & Co. at the time of the transaction involved in this litigation. At the time of the trial he was secretary and treasurer of the Sigmond Rothschild Company, a corporation, in that he attended to the business involving the purchase of this carload of hay from defendant, Warren; that he had possession of the correspondence and also of the paid and cancelled draft; and that these things were offered in evidence as being identified by him during his testimony."

The facts stated by appellee are mere circumstances, without probative force, on the issue of assignment.

"Where papers have none of the qualities of negotiable instruments payable to bearer, the mere possession of them raises no presumption that the holder has the right to the money due to the persons to whom they were originally given. It devolves upon him to show to whom the papers were delivered, and that they have been in legal contemplation assigned to him." Michie's Texas Digest, vol. 2, p. 111.

See, also, Merrill v. Smith, 22 Tex. 53; Merlin v. Manning, 2 Tex. 351; Ball v. Hill, 38 Tex. 237; Gregg v. Johnson, 37 Tex. 558.

[3] This question is presented to us by appellant as one of fundamental error. He did not raise it in the trial court, either on the trial or in his motion for new trial. He suggested it for the first time in his brief filed in this cause. Under the statement of the case above made, we believe it is our duty to consider the proposition as raising fundamental error. Harlington Land & Water Co. v. Houston Motor Car Co. (Tex. Com. App.) 209 S. W. 145; Southwestern Settlement & Development Co. v. Village Mills Co. (Tex. Civ. App.) 230 S. W. 869; Wilson v. Armstrong (Tex. Civ. App.) 236 S. W. 755.

[4] Appellant's second assignment also presents error:

"There is further error in the judgment, in that the plaintiff accepted 11,110 pounds of the cane tops as being in compliance with the warranty and sold the same. The judgment is for the contract price less $63.35; the latter sum being the amount remaining from the proceeds of the sale of the tops accepted less the freight on the whole car and the cost of unloading the same. The tops have been sold f. o. b. the point of shipment. The judgment

should not have exceeded the contract price less the value of these accepted plus the freight on those not accepted."

The cane tops were sold by appellant f. o. b. the point of shipment, and on draft drawn by him against Sigmond Rothschild & Co. he was paid the full contract price on 18½ tons. Part of this forage arrived at the point of destination in good condition. The trial court, by the judgment rendered, made him pay the freight on the part of the shipment that complied with the contract. Appellant's proposition correctly defines his liability.

The other propositions advanced by appellant are without merit. As they raise no new or novel questions, we refrain from further discussing them.

For the errors indicated, the judgment of the trial court is reversed, and the cause remanded for a new trial.

Reversed and remanded.