## LEGG v. MORROW et al.
### No. 11210.

Court of Civil Appeals of Texas. Dallas.

May 6, 1933.

Ashworth, Crisp & Ashworth, of Kaufman, for plaintiff in error.

Ross Huffmaster, of Kaufman, for defendants in error.

LOONEY, Justice.

Nestor Morrow sued W. C. Valentine and Ed Legg, alleging that on February 1, 1919, J. V. Reasonover and W. A. French executed a promissory note for $891.80, payable December 1, 1923, to Eli Washburn or order, bearing 7 per cent. interest per annum, and providing for 10 per cent. attorney's fee; the same being one of a series of five notes given by payors to the payee as part purchase money for 97.79 acres of land situated in Kaufman county, conveyed by Washburn and wife to the payors; an express lien being retained on the land to secure payment of the notes. Plaintiff alleged further that he became owner of the note and lien by written transfer; that defendant Valentine became owner of the tract of land by mesne conveyances; and that in consideration of an extension, defendant Valentine obligated himself in writing as follows:

"I, W. C. Valentine, hereby admit that there is $955 now due and owing on this note, and in consideration of an extension on same to November 28, 1928, I agree to pay same and ten per cent interest on same, until fully paid. This November 28, 1927.
"[Signed] W. C. Valentine."

Plaintiff further alleged that, two days later, on November 30, 1927, defendant Legg guaranteed payment of the amount due upon said note as extended; said guaranty, written upon the note, is as follows:

"I, Ed Legg, hereby unconditionally guarantee payment of this note in accordance with the above extension agreement, this November 30, 1927.
[Signed] Ed Legg."

The suit, as against Valentine for debt and foreclosure, is based upon the written obligation above quoted, and as against Legg is based upon the guaranty contract, above set out.

Valentine failed to answer, and judgment by default for debt and foreclosure was ren-

dered against him, from which no appeal is prosecuted.

Defendant Legg answered by general denial; pleaded specially that the alleged guaranty was without consideration: but that if obligated at all by said guaranty, he was discharged from liability under articles 6244, 6245, and 6252, R. S. 1925, providing circumstances under which guarantors and others secondarily liable may be discharged.

The court rendered judgment for plaintiff against both defendants, jointly and severally, for $1,427.61, with 10 per cent. interest per annum, with foreclosure on the land, from which Legg appealed. (The record· discloses that Judge Morrow died after the trial, and that the ·testamentary representatives of his estate filed a remittitur, reducing the amount of judgment to $895.95.)

Defendant in error contends that, as plaintiff in error failed to file assignments in the trial court, the assignments urged in his brief should not be considered. This contention is overruled. Article 1844, R. S., as amended in 1931 (Acts 42d Legislature, p. 117, ch. 75 [Vernon's Ann. Civ. St. art. 1844]), provides that: "The appellant or plaintiff in error need not file assignments of error with the Clerk of the Court below but he may embody in his brief in the appellate ·court all assignments of error distinctly specifying the grounds on which he relies."

Plaintiff in error contends that the judgment against him is erroneous, because not supported by.evidence, in that it was not shown that plaintiff below owned the cause of action sued upon; on the contrary, the evidence disclosed that plaintiff transferred to Farmers' & Merchants' National Bank of Kaufman, Tex., whatever interest he had in the cause of action sued upon. This assignment is well taken. The note described in plaintiff's petition, together with certain agreements endorsed thereon, constitute the statement of facts. The note is payable to "Eli Washburn or order," is· not indorsed by Washburn, nor was proof made otherwise that Washburn had ever transferred the note to any one, or parted with title thereto. A memorandum dated August 24, 1925, signed by H. M. Daniels, agreeing to pay 8 per cent. interest on the note from December 1, 1925, for an extension to December 1, 1927, indicates that, at that time, Daniels in some manner had become obligated to pay the note; but the record fails to disclose with whom the extension agreement was made. The next memoranda upon the note are the obligation of W. C. Valentine and the guaranty agreement by defendant Legg, hereinbefore set out; but still there is nothing to indicate who, if any person other than Washburn, was at the time owner and holder of the note; and later, in the order of the entries, but undated, appears the following:

"For value received, I hereby sell, transfer and assign to Farmers & Merchants National Bank of Kaufman, Texas, the within note together with vendor's lien on the property securing same, and as endorser I guarantee the payment of the within note at maturity, or on demand at any time after maturity, thereof.

"[Signed in pencil] Nestor Morrow."

So, the evidence discloses a negotiable instrument, payable to Washburn or order, not shown to have been indorsed or transferred by him, and without evidence showing that plaintiff ever owned the note, save a mere surmise that may be indulged from the fact of the transfer by him to the bank; but even if we could indulge the presumption that plaintiff was owner of the note at that time, title to same passed to and vested in the bank by reason of the transfer.

The general denial filed by Legg put in issue Morrow's· ownership of the note, whether legal or equitable. The doctrine is well settled that, when other than the payee of a nonnegotiable note sues thereon, a general denial puts in issue its ownership. Merlin v. Manning, 2 Tex. 351; Merrill v. Smith, 22 Tex. 53; Gregg v. Johnson, 37 Tex. 558; Ball's Heirs v. Hill, 38 Tex. 237, 238. The same rule applies where, as in the case at bar, the instrument, being negotiable in form, is not endorsed by the payee. See Ross v. Smith, 19 Tex. 171, 70 Am. Dec. 327.

It was incumbent upon plaintiff to establish his ownership of the note, either by indorsement or otherwise (Merlin v. Manning, 2 Tex. 351), but in this he failed; on the contrary, the evidence introduced by him, unexplained, shows that at the time of trial, Farmers' & Merchants' National .Bank of Kaufman owned, under his transfer to it, whatever interest he formerly had in the note.

Plaintiff in error also contends that the judgment against him is erroneous because the· alleged guaranty was without consideration. His plea, alleging want of consideration, was not verified; but not being excepted to was sufficient to admit evidence on the issue. Farris v. U. S., etc., Co. (Tex. Civ. App.) 251 S. W. 612; Citizens' Garage Co. v. Wilson (Tex.. Civ. App.) 252 S. W. 186; Brown v. Weir (Tex. Civ. App.) 293 S. W. 916; Great Southern Life v. Heavin (Tex. Civ. App.) 21 S.W.(2d) 1086. However, the burden was upon him to sustain the plea (Brown v. Weir [Tex. Civ. App.] 293 S. W. 916), and in this he failed. The only circumstances bearing upon this issue is the fact that the guaranty bears date two days subsequent to the extension agreement executed by Valentine; this variance in dates, standing alone, is wholly insufficient to establish want of consideration for the guaranty.

However, if it be shown on a subsequent trial that Legg signed the guaranty, two days after the renewal agreement between Morrow and Valentine was consummated, at the request of Valentine, and without any other inducement, want of consideration for the guaranty would be shown, and, under such circumstances, the consideration for the extension agreement passing between Morrow and Valentine would not be sufficient to uphold Legg's guaranty made later at the solicitation alone of Valentine. See Baker v. Wahrmund, 5 Tex. Civ. App. 268, 23 S. W. 1023; Jones v. Ritter, 32 Tex. 717, 722.

Plaintiff in error also contends that, even if originally liable on the guaranty, he was discharged therefrom under the provisions of articles 6244, 6245, and 6252, R. S. This contention is denied, for neither by pleading nor proof does plaintiff in error show himself entitled to successfully defend under the provisions of these statutes.

Because of the error first discussed, the judgment below is reversed; but, as the case was not fully developed by either party, the same is remanded to the trial court for further proceedings.

Reversed and remanded.