### LEGG v. BLYTHE et al.
No. 3141.

Court of Civil Appeals of Texas. El Paso.
. Feb. 14, 1935.

Rehearing Denied March 14, 1935. .

Ashworth, Crisp & Ashworth, of Kaufman, for appellant.

Ross Huffmaster, of Kaufman, and Bond & Porter, of Terrell, for appellees.

HIGGINS, Justice.

This is the second appeal in this case. For statement of the nature of the suit, reference is made to the opinion upon the former appeal. Legg v. Morrow (Tex. Civ. App.) 60 S. W.(2d) 332. Nestor Morrow died subsequent to the rendition of the first judgment. After the reversal of such judgment, the appellees became parties plaintiff as executors of the estate of the deceased. The trial from which the present appeal is prosecuted was tried without a jury resulting in judgment against the appellant, Legg.

Two grounds of error are assigned: (1) Error in the exclusion of testimony of Valentine, the principal obligor of the note sued upon; (2) that the guaranty of Legg was without consideration.

The excluded testimony of Valentine was offered for the purpose of showing that the guaranty was without consideration. No point is presented as to the fact that such testimony was a transaction with the deceased within the meaning of article 3716, R. S., but it is urged Valentine was not a party to the suit upon the last trial. This insistence is predicated upon the fact that the first judgment against both defendants had become final against Valentine, who did not appeal.

The court did not err in ruling that Valentine was an incompetent witness under the statute. Coffin v. Loomis (Tex. Civ. App.) 41 S. W. 511; Bilger v. Buchanan (Tex. Sup.) 6 S. W. 408.

The statute applies to parties to the suit. The fact that the original judgment against Valentine became final did not operate to sever his connection with the suit. His status changed to that of a defendant in judgment rather than a mere party defendant, but he remained a party to the suit within the meaning of the statute.

Nor did the court err in excluding a portion of the testimony of Valentine developed upon cross-examination by counsel for plaintiff. The direct examination was over objection of counsel for plaintiff. The court permitted the development of the testimony reserving final ruling. By cross-examining the witness, plaintiff's counsel did not waive his objections. Cathey v. Missouri, K. & T. R. Co., 104 Tex. 39, 133 S. W. 417, 33 L. R. A. (N. S.) 103.

Another point made relating to a portion of the excluded testimony is that it was not subject to the objection stated. The error in excluding such admissible portion is harmless. It could not have affected the result.

With the testimony of Valentine excluded, the only circumstance tending to show want of consideration for the guaranty of Legg is the variance of two days in the dates of the extension agreement and the guaranty. This variance alone is insufficient to establish want of consideration for the guaranty. Legg v. Morrow (Tex. Civ. App.) 60 S.W.(2d) 332.

Affirmed.