## TEXAS OSAGE CO-OP. ROYALTY POOL et al. v. KEMPER et ux.

### No. 11485.

Court of Civil Appeals of Texas. Galveston.

Jan. 21, 1943.

Rehearing Granted April 8, 1943.

Rehearing Denied May 6, 1943.

House, Mercer & Irvin, of San Antonio, for appellants.

Crow & Chessher, of Groveton, of counsel: C. C. Chessher, of Groveton, for appellees.

MONTEITH, Chief Justice.

This suit was brought by appellees, T. J. Kemper and wife, Carmleet Kemper, to cancel a mineral deed conveying an undivided one-half interest in 80 acres of land out of the W. H. Martin Survey in Trinity County, Texas, to appellants, Texas Osage Co-operative Royalty Pool and Flag Oil Company, and to remove cloud from appellees' title thereto.

Appellants answered by general demurrer, general denial, and exceptions. They specially pled that appellees had executed the mineral deed in question and that they were familiar with all the facts connected therewith and that they had, subsequent to its execution, in all things ratified said sale,

In a trial before the court judgment was rendered in favor of appellees, cancelling said mineral deed and removing the cloud cast thereby on appellees' title to the land in controversy.

At the request of appellants the trial court prepared and caused to be filed his findings of fact and conclusions of law, to which findings and conclusions the appellants duly excepted.

The trial court found, in substance, that on May 25, 1930, appellants secured from appellee, T. J. Kemper, a mineral deed to the 80 acres of land in Trinity County, Texas, upon which appellees had for many years resided as their homestead; that said tract consisted of two 40-acre tracts of land, one of which was the separate property of Carmleet Kemper, and the other the community property of T. J. Kemper, and Carmleet Kemper. The court found that Carmleet Kemper did not execute or acknowledge the deed sought to be cancelled and that it had not been executed under her authority, and that the notary public "who purported to have taken the acknowledgment of Carmleet Kemper upon said mineral deed did not in fact take such ac-

knowledgment in any manner." He found further that, as soon as she learned of the execution of said deed, she instituted this suit for cancellation.

Appellees' trial petition seeking the cancellation of said mineral deed was verified by the following affidavit: "C. H. Crow, one of the counsel for plaintiffs herein, appearing before me, and after being duly sworn says that he has read over the above and foregoing petition and is cognizant of the facts therein pled, and the matters therein necessary to be verified are true."

Appellant contends that under Rule No. 93, Texas Rules of Civil Procedure, appellees' original petition upon which they went to trial was a nullity, for the reason that the affidavit by which it was verified was defective, in that the affiant did not therein swear that any fact stated in the pleadings was true and that it did not constitute a verification of said pleading under said Rule No. 93.

This suit was filed on February 8, 1935. It was tried in June 1942, some seven years later and nine months after the effective date of the Texas Rules of Civil Procedure.

Rule No. 93, Texas Rules of Civil Procedure, has as its source Article 2010, Vernon's Annotated Civil Statutes, which it repealed. The wording of said Article 2010, which applied only to answers, was amplified by said Rule No. 93 so as to include any pleading by either plaintiff or defendant denying the execution of an instrument in writing upon which the pleading is founded. It also includes the verification of pleadings required in various other sections of the Statutes.

The parts of said Rule No. 93 material to this appeal read:

"Certain Pleas to be Verified. A *pleading* [emphasis ours] setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit * * *.

"h. Denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed * * *."

While the courts of this State have not, so far as we are advised, passed on the

question as to whether the provisions of said Rule No. 93 requiring the verification of pleadings may be waived, our courts in construing its source, Article 2010, have uniformly held that the sufficiency of an affidavit to a pleading cannot be questioned for the first time upon appeal (Farris v. United States Fidelity & Guaranty Co., Tex.Civ.App., 251 S.W. 612; Dyer v. Winston, 33 Tex.Civ.App. 412, 77 S.W. 227), and that the fact that the affidavit by which it is verified is defective does not render the pleading a nullity, but that, where no exception has been urged thereto, the fact that the pleading has not been verified, or that the affidavit by which it is verified is in some respect defective, is waived and the pleading is a sufficient basis for the admission of evidence in support thereof. Western Union Tel. Co. v. Smith, 61 Tex.Civ.App. 531, 130 S.W. 622, writ of error refused; Lone Star Finance Corp. v. Davis, Tex.Civ.App., 77 S.W.2d 711; Legg v. Morrow, Tex.Civ.App., 60 S.W.2d 332; Owen v. Willis, Tex.Civ. App., 20 S.W.2d 338.

The affidavit attached to appellees' original petition was, we think, defective for the reasons alleged by appellants upon this appeal and, had special exceptions been urged thereto in the trial court the pleading would have been quashed by the trial court. However, not having been excepted to, the defect in said affidavit was, we think, waived.

Appellant further contends that the court erred in concluding, as a mattter of law, that Carmleet Kemper did not execute or acknowledge said mineral deed, for the alleged reason that the certificate of the notary public to the acknowledgment of Carmleet Kemper to said deed is conclusive of the facts therein stated, in the absence of a showing of fraud in the execution and acknowledgment of said instrument.

It is undisputed that the two 40-acre tracts of land involved herein had been for a number of years prior to the execution of said mineral deed, the homestead of the appellees, and that one of the tracts included in said conveyance was the separate property of Carmleet Kemper. Both T. J. and Carmleet Kemper testified that Carmleet Kemper did not sign the mineral deed. The record shows that the trial court had before him in the trial of the case the signature of Carmleet Kemper to compare with the signature on the mineral deed, and that he concluded from this and other evidence that she did not execute said instrument. The substance of the testimony of the notary public who testified that he took Carmleet Kemper's acknowledgment to said deed was that he had no independent recollection of taking her acknowledgment, and that his reason for testifying that he did take such acknowledgment was the fact that he had signed the certificate thereto and that he had followed his usual custom and rule in such instances.

It is the established rule in this State that where a married woman appears before a notary for the purpose of acknowledging an instrument the fact recitals of the notary's certificate of acknowledgment are conclusive, unless fraud or imposition is shown, but it is also settled that, if the married woman does not appear before the notary for the purpose of acknowledging the instrument, the notarial certificate does not preclude her from showing this nullifying fact. Ward v. Weaver, Tex.Com.App., 34 S.W.2d 1093; Faulkner et al. v. Baber et al., Tex.Civ. App., 41 S.W.2d 996; Robertson v. Vernon, Tex.Com.App., 12 S.W.2d 991.

In view of the fact that the trial court found, on what we deem to be sufficient evidence, that Carmleet Kemper did not execute said mineral deed or authorize any one to execute it for her and that she did not appear before the notary public for the purpose of acknowledging said instrument and that, as soon as she learned of its execution she filed this suit for cancellation, appellants' contention in this regard must be overruled.

We have carefully considered all other points presented in appellants' brief. None of them, in our opinion, show error in the record which requires the reversal of the case.

The original opinion herein is withdrawn, and this opinion is substituted therefor. Appellees' motion for rehearing herein is hereby granted and the judgment of the trial court is in all things affirmed.

Motion granted.

Rehearing granted. Former judgment set aside and judgment affirmed.

### On Motion for Rehearing.

On motion for rehearing appellants complain of the action of this court in holding

852

in its original opinion that the sufficiency of the affidavit attached to appellees' petition could not be questioned for the first time upon this appeal. They cite the case of Thomason v. Berry, Tex.Com.App., 276 S.W. 185, which holds that an unverified plea of non est factum which was not excepted to in the trial court may be attacked for the first time on appeal.

The holding in the case of Thomason v. Berry has, we think, no application to the facts in this case, in that it is undisputed that the petition upon which appellees went to trial was verified by the affidavit of C. H. Crow, one of their attorneys, and the only point raised by appellants in this connection is the fact that this pleading was "not properly sworn to so as to deny the execution and delivery of said mineral deed."

■ Rule No. 90 of the Texas Rules of Civil Procedure indicates an intent on the part of the rule makers and the State legislature to simplify our trial procedure by providing that defects of form or substance in a pleading will be deemed to have been waived where they have not been raised by exception or objection in the trial court. Said Rule No. 90 reads:

"General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge of the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered."

■ In the instant case appellants did not, prior to the rendition of the judgment complained of, by motion, exception, or otherwise, attempt to secure the action of the trial court upon the alleged defect in the affidavit attached to appellees' pleadings, either as to form or substance. By their failure to do so they clearly waived their right on appeal to question the sufficiency of said affidavit under said Rule No. 90, Texas Rules of Civil Procedure.

It follows that appellants' motion for rehearing must be in all things overruled.

Overruled.

Motion for rehearing refused.