## TEW et al. v. GRIFFITH.

### No. 11694.

Court of Civil Appeals of Texas. Galveston.

April 12, 1945.

Rehearing Denied May 9, 1945.

Kemper & Cramer, of Houston, and L. M. Bernsbacher, of Galveston, for appellants.

Jack H. Reeves, Baker, Botts, Andrews & Wharton and William M. Ryan, all of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, J. O. Griffith, for the recovery of damages alleged to have been sustained as the result of a collision on the Houston-Galveston highway, alleged to have been caused by the negligent operation of an automobile being driven by T. L. Tew, the deceased husband of appellant, Mrs. Ethel Rierson Tew, and the father of appellant, Ruth Tew, with an automobile being driven by appellee, in which appellee was seriously injured and T. L. Tew was killed.

Appellee alleged numerous specific acts and omissions on the part of T. L. Tew claimed to amount to negligence which proximately caused the collision, including excessive speed, driving on the left-hand rather than the right-hand side of the road, failure to keep a proper lookout and failure to turn to the right.

Appellants answered by special exceptions and a general denial and by a plea of

contributory negligence in general terms. By cross-action appellants specifically pled certain acts and omissions on the part of appellee alleged to constitute negligence and to have been the proximate cause of the collision. No answer was filed by appellee in answer to appellants' cross-action.

In answer to special issues submitted, the jury found, among other facts, that at the time of said collision T. L. Tew, deceased, was driving his automobile on the left-hand side of the highway and that such action was negligence and a proximate cause of the collision. They found that appellee was driving at a greater rate of speed than that of an ordinarily prudent person, and that he had failed to keep a proper lookout, and that each was negligence and a proximate cause of the collision. The jury assessed damages in favor of appellee in the sum of $6,786 and in favor of appellants in the sum of $10,000.

Neither party to the suit made or filed any objections to the issues submitted to the jury and appellants did not bring to the attention of the trial court by motion, exception or otherwise, the defect or omission of pleading complained of before the instruction to the jury.

The trial court overruled appellants' motion for judgment in their favor for the stated reason "that issues 1, 2 and 3 constituted findings of contributory negligence on the part of Tew, notwithstanding the absence of pleadings to appellants' cross-action, since neither party had filed any objections to the court's charge", and rendered judgment that neither of the parties to the suit recover thereon.

Appellants complain of the failure of the trial court to render judgment in their favor for the alleged reason that the findings of the jury that T. L. Tew was guilty of negligence was not available to appellee by reason of his failure to file an answer to appellants' cross-action pleading specifically the contributory negligence of T. L. Tew under Rule 94, Texas Rules of Civil Procedure.

The parts of said Rule 94 material to this appeal, read: "In pleading to a preceding pleading, a party shall set forth affirmatively * * * contributory negligence * * * and any other matter constituting an avoidance or affirmative defense."

■ The wording of Rules 67 and 90 of the Texas Rules of Civil Procedure indicate an intention on the part of the rule makers and the State Legislature to simplify our trial procedure by providing that defects of form or substance in a pleading will be deemed to have been waived where they have not been raised by objection or exception in the trial court.

Rule 67 reads, in part: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. * * *"

The parts of said Rule 90 material to this appeal, read: "* * * Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court before the instruction or charge to the jury * * * shall be deemed to have been waived by the party seeking reversal on such account; * * *"

■ In the recent case of Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562, 563, which was brought by the State of Texas and certain other taxing agencies to recover taxes alleged to be due and in which no answers were filed by the defendants, the Supreme Court, speaking through Chief Justice Alexander, in construing said Rules 67 and 90, definitely held that where a case has been tried without objection upon the theory that the answer was sufficient, an objection that the answer was insufficient cannot be made for the first time in an appellate court. The court, after quoting Rules 67 and 90 in its opinion, said: "The above rules, we think, make it clear that even though the defendant wholly fails to file any answer whatever, yet if the parties appear and try the case on certain issues without any objection on the part of the plaintiff to the failure of the defendant to file an answer, the plaintiff cannot raise the issue of insufficiency of the defendant's pleadings for the first time on appeal."

This court has adhered to the rule above announced in the cases of Texas-Osage Co-op. Royalty Pool v. Kemper, Tex.Civ.App., 170 S.W.2d 849, writ of error refused, and Litterst v. Edmonds, Tex.Civ.App., 176 S. W.2d 342, writ refused for want of merit.

■ It is undisputed in the record in the instant case that appellants did not, prior to the rendition of the judgment complained of, by written motion or otherwise attempt to bring the omission of the pleading complained of to the attention of the

trial court. It is also apparent from the record that the controlling special issues as to T. L. Tew's negligence proximately causing the collision which were submitted and determined by the jury were raised by specific allegations in appellee's petition without any notice to the trial court of the defect or omission of pleading here complained of or objection thereto. Under these facts, we think that the omission of pleading complained of must be treated as having been waived by appellants, and that the judgment of the trial court must be in all things affirmed.

Affirmed.