STRICKLAND TRANSP. CO., Inc.
v. ATKINS.
No. 14111.

Court of Civil Appeals of Texas. Dallas.
Sept. 23, 1949.

Rehearing Denied Oct. 21, 1949.

Rawlings, Sayers & Scurlock, Fort Worth, and Allen Clark, Greenville, for appellant.

A. F. Nossaman and David H. Brown, both of Sherman, for appellee.

BOND, Chief Justice.

This appeal is from an order overruling defendant's plea of privilege. The plaintiff, Nell Atkins, widow of Clarence E. Atkins, deceased, instituted suit in a district court of Hunt County, Texas, against the defendant Strickland Transportation Company, Inc., a private corporation, for damages resulting from the death of her husband, alleged to have been caused by negligence of the defendant, its agent and employee, in failing to operate its truck in a careful and prudent manner under the then existing circumstances when her husband was killed, in one or more of the following particulars: (1) The driver of defendant's truck failed to keep a proper lookout to avoid the accident; failed to reduce the speed of said truck to avoid running over the said Clarence E. Atkins; (2) that the truck was not equipped with adequate brakes to control its movement, or, in the alternative, the operator failed to apply the brakes; (3) that the driver of the truck failed to steer the truck to the left to avoid striking Clarence E. Atkins; (4) that the driver failed to have the truck under proper control; failed to stop and to exercise ordinary care and use of the means at his command to stop or turn to the left after realizing the perilous position of the deceased. As a result of such alleged negligence Clarence E. Atkins sustained personal injuries resulting in his death. The cause of action was alleged to have occurred on a street in the City of Greenville, Hunt County, Texas.

In due time the defendant filed plea of privilege to be sued in Dallas County, the county of its residence, made in form as provided in the venue statute, Art. 2007, R.C.S., Vernon's Ann.Civ.St. art. 2007; Rule 86, Texas Rules of Civil Procedure. In answer to the plea of privilege the plaintiff filed controverting affidavit to maintain her suit in Hunt County by virtue of subdv. 23, Art. 1995 of the Revised Civil Statutes, Vernon's Ann.Civ.St. art. 1995, subd. 23, providing suits against a private corporation may be brought in the county where "the cause of action or a part thereof arose"; and, further, by virtue of subdv. 9 providing suits based upon "trespass" may be brought in the county where such trespass was committed. The plaintiff further alleged that she was the plaintiff in the suit against the defendant and specifically alleged that "this cause of action arose in Hunt County, Texas as more fully shown by plaintiff's original petition filed herein to which reference is hereby made as though fully set forth herein"; and attached to the controverting plea is the affidavit of one of plaintiff's attorneys stating "that the above controverting plea is true in substance and in fact. That he is authorized to make this affidavit."

In this appeal the only question involved is the action of the trial court in overruling defendant's plea of privilege on the grounds (1) that plaintiff's controverting affidavit only alleges conclusions of the pleader that she has a cause of action and that it arose in Hunt County, Texas; hence in absence of plaintiff's petition being made a part of the controverting plea, such plea was insufficient to retain venue in Hunt County; (2) that the evidence is insufficient to prove, first, that plaintiff had any right to maintain the suit and, second, that any part of the cause of action arose in Hunt County to establish venue in that county under subdv. 23 of Art. 1995 R.C.S., or to constitute a trespass within the meaning of subdv. 9 of said article; (3) that the evidence is insufficient to prove that the truck involved in the accident belonged to defendant or was being driven by an agent of defendant, or that the driver was in the course of his employment; and (4) that the undisputed evidence shows that

the driver of the truck involved was not guilty of contributory negligence resulting in the accident and the consequent injuries and death of Mr. Atkins.

The defendant filed no motion, supplemental pleadings, or exceptions challenging plaintiff's controverting plea as being too general or as expressing merely conclusions of fact; nor does the record otherwise indicate that the defendant in any manner questioned the sufficiency of the controverting plea in any particular. In this appeal the defendant for the first time attacked the sufficiency of the controverting plea and the attached affidavit swearing to the alleged facts.

██ Rule 90, Texas Rules of Civil Procedure provides that general demurrer shall not be used and that every defect, omission or fault in a pleading which is not specifically pointed out by such motion or exception in writing and brought to the attention of the trial court before the instruction or charge to the jury or, in a nonjury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account. Rule 91 provides that a special exception shall point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency of the allegations in the pleadings. Such deficiency may not be raised for the first time on appeal. Texas Osage Co-op. Royalty Pool v. Kemper, Tex.Civ.App., 170 S.W.2d 849, error refused; Litterst v. Edmonds, Tex.Civ.App., 176 S.W.2d 342, ref. w. m.; Tew v. Griffith, Tex.Civ.App., 187 S.W.2d 408, ref. w. m.; Thompson v. Haney, Tex.Civ.App., 191 S.W.2d 491. Thus, we conclude that the controverting affidavit, in the absence of motion, or exception, or pleading raising the insufficiency of such affidavit, would support the issue of venue. Appellant's assignment is overruled.

██ However, we are of the opinion that the testimony adduced and that introduced over the objection of defendant, in the light of the pleadings, failed to support a finding on the venue issues as to fasten liability on the defendant as being the owner of the involved truck, or that the operator of the truck at the time of the accident was the agent or representative of defendant and acting within the scope of his employment so as to sustain plaintiff's alleged cause of action based upon actionable negligence of the driver. Without reciting in extenso the testimony bearing on the issue assigned, we conclude that same is insufficient to establish venue out of the county of defendant's residence. The only testimony adduced on trial of the plea of privilege was that the truck had stenciled on its side, in large letters, the word "Strickland"— and no more; and, over objection of the defendant, the testimony of a Mr. Porter, police sergeant of the City of Greenville, who testified that a man purporting to be the driver of the truck came to his office, gave his name as Robert Chrittenden, address 1234 Gratton Street, St. Louis, and stated that he was operating the truck registered to E. Ginrich of St. Louis, and leased to Strickland Transportation Company. This conversation occurred more than one hour after the collision,—clearly hearsay, not part of the res gestae. Lewis v. J. P. Word Transfer Co., 119 S.W.2d 106. Mr. Porter, likewise over objection of defendant, gave evidence that the purported driver of the truck placed a telephone call to someone at defendant's place of business in Dallas and advised such person of the truck accident. This party was not identified as having any connection with the defendant; and such testimony, being admitted over defendant's objection, is not relevant to identify the owner of the truck.

██ The burden of proof on trial of a plea of privilege, as here, was upon the plaintiff to show that she had a good cause of action against the defendant resulting from some act of negligence of its agent or representative in operating the truck in question and while acting in the scope of his employment. Rogers v. Fort Worth Poultry & Egg Co., Tex.Civ.App., 185 S.W.2d 165. It appears, therefore, that the evidence is insufficient to show, first, that the truck involved in the collision was owned by the defendant; second, that the driver was an employee of defendant at the time of the collision; and, third, that if it could be said that he was such employee, there is no evidence that he was acting within the scope of his employment at the time of the accident. Longhorn Drilling Corp. v.

678

Padilla, Tex.Civ.App., 138 S.W.2d 164; Dillard v. Smith, Tex.Sup., 205 S.W.2d 366.

While it is a rule of law in this state that where the name of a concern appears on a truck, or the insignia of a concern appears on a truck, such raises a presumption of ownership of the truck in such concern, we know of no rule that a single word,—as here "Strickland"—raises a presumption that any particular concern is the owner merely because the word appears in its name. The word "Strickland" could apply to innumerable concerns bearing the name "Strickland" as well as to the defendant Strickland Transportation Company, Inc. Courts may not presume ownership of a truck by mere similarity of names, or base a presumption of ownership on a single word that may constitute a component part of the name of some designated concern.

Appellee concedes in brief that the pleading and evidence are insufficient to sustain venue under subdv. 9, establishing trespass as having been committed in Hunt County. And, as herein stated, the evidence being insufficient to identify the defendant with plaintiff's cause of action, we are obliged to reverse the judgment and remand the cause, with instruction that defendant's plea of privilege be sustained and the cause transferred to the District Court of Dallas County, Texas, as provided by law in such cases. It is so ordered.