## TEXAS EMPLOYERS' INS. ASS'N v. BOWEN.

### No. 2778.

Court of Civil Appeals of Texas. Eastland.

March 3, 1950.

Rehearing Denied March 24, 1950.

McMahon, Springer & Smart, Abilene, for appellant.

Letcher D. King, Abilene, Alfred M. Scott, Austin, (on appeal only), for appellee.

GRISSOM, Chief Justice.

This is a workmen's compensation case. W. L. Bowen obtained a judgment for total, permanent incapacity resulting from an injury received while, he alleged, he was an employee of Texas Hide & Metal Company. The insurance carrier of said company has appealed.

Whether Bowen was an employee of Texas Hide & Metal Company or of Jim Wilson was a hotly contested issue in the case. Bowen had testified by deposition, in substance, that he was an employee of Wilson. This judgment depends upon a finding that he was an employee of Texas Hide & Metal Company. Appellee, Bowen, intro-

duced hearsay evidence to the effect that he was an employee of and insured by said Hide & Metal Company.

█ Wilson, who was alleged by appellant to be the employer of Bowen, did not testify. No representative of Texas Hide & Metal Company testified. Only the appellee, Bowen, testified on the question of who was his employer. He testified that after Wilson came for him and while he and Wilson were on the road to the gyp mill, "I asked him (Wilson) who we were working for, and he said 'The Hide and Metal Company at Abilene.'" There was no testimony tending to show that Wilson was an agent of said Hide & Metal Company with authority to employ Bowen to work for said company. Bowen also testified that he heard Wilson tell Dr. Callan to take good care of him; that Bowen was insured by the Hide & Metal Company at Abilene. Such testimony was objected to, among other things, because it was hearsay. We think it is plainly so. It cannot be considered as any evidence tending to establish that Bowen was, in fact, an employee of Texas Hide & Metal Company at the time he was injured, whether objected to or not. Texas Co. v. Lee et al., 138 Tex. 167, 157 S.W.2d 628, 631.

██ Bowen introduced an envelope addressed to him with the return address of Texas Hide & Metal Company on it and a statement on a printed form of wages paid and income taxes withheld, showing on a printed form filled in with a typewriter that Bowen had been paid wages amounting to $69.50 by Texas Hide & Metal Company and that no taxes had been withheld. Bowen also introduced a photostatic copy of an employer's wage statement showing when Bowen worked for said company and the amount earned. There was no evidence the the withholding statement or envelope were written by the alleged employer or its authorized agent. We think said instru-

ments were hearsay and inadmissible and, since they bore directly upon the main, closely contested issue of whether or not Bowen was an employee of Texas Hide & Metal Company, we must reverse the judgment because of the improper introduction of such evidence and the hearsay testimony of Bowen previously referred to.

█ We do not agree with appellant's contention that there was no evidence tending to show Bowen was an employee of Texas Hide & Metal Company. There was, among other things, evidence that appellant paid appellee workmen's compensation amounting to $18 per week for several weeks. This constituted some evidence of a recognition and admission by appellant that it was liable to Bowen as an employee of said company. 17 Tex.Jur. 557, 559. Appellee contends that such proof shows conclusively, that is, as a matter of law, that Bowen was such employee. It is not conclusive. Southern Underwriters v. Schoolcraft, 138 Tex. 323, 158 S.W.2d 991, 995; 17 Tex.Jur. 575.

█ Appellee contends that appellant waived its objections to the testimony heretofore mentioned by eliciting substantially the same testimony on cross examination. This point is overruled on authority of Cathey v. Missouri, Kansas & Texas Railway Company of Texas, 104 Tex. 39, 41, 133 S.W. 417, 33 L.R.A., N.S., 103. See also Stinnett v. Paramount-Famous Lasky Corporation, Tex.Com.App., 37 S.W.2d 145, 149; Hidalgo County Water Control & Improvement Dist. No. 1 v. Goodwin et al., Tex.Com.App., 25 S.W.2d 813, 819; Great American Indemnity Co. v. Dabney, Tex. Civ.App., 128 S.W.2d 496, 500 (WDCJ) and Legg v. Blythe et al., Tex.Civ.App., 80 S. W.2d 382, 383, Writ Dis.

The judgment is reversed and the cause remanded.