Henry F. SMITH, Appellant,

v.

SOUTHWESTERN GREYHOUND LINES, INC., Appellee.

No. 3481.

Court of Civil Appeals of Texas.

Eastland.

Dec. 11, 1960.

---

Leonard C. Kahn, Houston, for appellant.

Baker, Botts, Andrews & Shepherd, Baker & Branch, Houston, for appellee.

COLLINGS, Justice.

This is an appeal from an order sustaining the plea of privilege of the defendant, Southwestern Greyhound Lines, Inc., to be sued in Tarrant County, the alleged place of its residence. Henry F. Smith brought suit in Harris County against the defendant to recover damages for personal injuries alleged to have been received by him in a collision which occurred in Jefferson County on October 7, 1958, while he was a passenger on the defendant's bus on its regular run from Houston to Lake Charles, Louisiana. Smith alleged that his injuries resulted from negligence on the part of defendant's bus driver, Lewis Herring, (1) in operating the bus at a dangerous rate of speed, (2) in failing to keep a proper lookout and (3) in failing to timely apply his brakes.

The defendant, Southwestern Greyhound Lines, Inc., duly filed its plea of privilege and subject thereto filed an answer and a third party action against its bus driver, Lewis Herring. The answer denied that plaintiff was a fare paying passenger and plead the guest statute. Plaintiff Smith duly filed a controverting plea seeking to maintain venue in Harris County under Subdivisions 4 and 23 of Article 1995, Vernon's Ann.Texas Civ.St. After a hearing, the court entered its order sustaining the plea of privilege and Henry F. Smith has appealed.

Appellant does not rely upon Subdivision 4 but does rely upon Subdivision 23 of Article 1995 to support his contention that the court erred in sustaining the plea of privilege. He urges that every venue fact necessary to maintain venue in Harris County under Subdivision 23 was established. The pertinent portion of Subdivision 23 is as follows:

"Suits against a private corporation * * * may be brought * * *

in the county in which the plaintiff resided at the time the cause of action or a part thereof arose, provided such corporation * * * has an agency or representative in such county."

Appellant contends that the court erred in sustaining the plea of privilege because he urges there is no evidence, or no evidence of probative force, to support the order, and that the evidence is so overwhelmingly in favor of appellant and against the ruling as to be wholly unjust and wrong.

It is undisputed that appellant Smith was a resident of Harris County and that appellee Southwestern Greyhound Lines, Inc., is a private corporation. It was stipulated that appellee had an agency or representative in Harris County. The remaining venue fact under Subdivision 23 was that a cause of action arose. Both parties are agreed that the elements of appellant's alleged cause of action are:

"1. That Appellant was a fare paying passenger.

"2. That Appellee was negligent through the act or omission of its agent.

"3. That such negligence was the proximate cause of the injuries sustained by Appellant."

The burden of proof rested upon appellant to establish his alleged cause of action. Compton v. Elliott, Tex.Com.App., 126 Tex. 232, 88 S.W.2d 91; Strickland Transp. Co., Inc. v. Atkins, Tex.Civ.App., 223 S.W.2d 675. The hearing was before the court without a jury and there were no findings of fact. It must, therefore, be assumed that the court found that appellant failed to establish one or more of the above set out elements of his cause of action. Rogers v. Fort Worth Poultry and Egg Co., Tex.Civ.App., 185 S.W.2d 165.

Appellant urges that the court should have found upon the undisputed evidence that appellant was a fare paying passenger. Both appellee's bus driver, Lewis Herring, and appellant Smith did testify that appellant paid his fare from Houston to New Orleans and there was no direct testimony to the contrary. Appellant contends that in the face of this undisputed evidence, no finding of fact contrary thereto can be imputed or upheld. We cannot agree with this contention.

The evidence shows that plaintiff and appellee's bus driver, Lewis Herring, are brothers-in-law. The only persons who could have known about the payment of the cash fare by appellant are the appellant and his brother-in-law, the bus driver. Appellant testified that on the day of the accident he slept until about four or five p. m. and then, after drinking beer at a couple of places and drinking some vodka at a filling station, he proceeded toward a place to eat; that as he was passing the bus station he saw the bus leaving and suddenly decided to go to New Orleans. He testified that when the bus stopped on the red light at the street intersection, he got on. Both appellant and his brother-in-law testified that he paid the driver $10.25. The testimony was to the effect that the fare to New Orleans was about $10.12 but that the bus driver did not have any change. The evidence shows that the driver of the bus was furnished by appellee with both a trip report and a book of cash fare receipts prior to leaving the terminal. It is undisputed, however, that no ticket or cash fare receipt was given to appellant at the time he boarded the bus or thereafter. The bus driver picked up two cash fare paying passengers in Houston for Liberty and did not record such fares in his book although he admitted that he was required to give those passengers a cash fare receipt. These fares were turned over to appellee bus company after an investigation of the accident had been commenced.

In our opinion, this is not a case in which there was no room for reasonable

minds to differ as to the conclusion to be drawn from the evidence. Although the testimony of appellant and his brother-in-law to the effect that he was a fare paying passenger was not contradicted by direct evidence, it was not conclusive. The court was entitled to consider the attendant circumstances, including the fact that appellant was a party to the law suit; that the bus driver was his brother-in-law; that appellant had no ticket, and that he received no cash fare receipt from the bus driver, as required by the rules of the company. These circumstances tended to cast doubt upon the testimony to the effect that appellant had paid his fare and rendered such testimony inconclusive. The trier of the facts was, therefore, entitled to disbelieve the testimony and was not, as appellant contends, required to find that he was a fare paying passenger. Neither was the implied finding against the great weight and preponderance of the evidence.

Appellant's complaint concerning the implied finding of the court that he failed to meet his burden to establish negligence of the defendant, by and through the acts of its bus driver, proximately causing the injuries complained of, is likewise untenable. The only evidence bearing upon this question is the testimony of appellant and of appellee's bus driver. The testimony showed that the bus driver, while operating the bus on Highway number 90 near Nome, Texas, drove the bus into and collided with the rear end of a truck, which collision resulted in the injuries sustained by appellant Henry F. Smith. The bus driver, in describing the accident, testified "I just blanked out or something" and "I either blanked out or had a heart attack or I don't know what, I either went to sleep or blanked out". Appellant Smith also testified concerning the collision and stated that, as far as he knew, the driver was operating the bus at a proper rate of speed and maintaining a proper lookout. He testified that the bus driver told him that he had just blanked out after having

been nauseated some time before. He testified that the driver was not operating the bus in a negligent manner.

 Unquestionably, the evidence, as above summarized, does not conclusively establish negligence by appellee, by and through its bus driver, proximately causing appellant's injuries. A consideration of all of the evidence in the record leaves no question in our mind but that the implied finding of the court that appellant failed to prove any negligence by appellee by a preponderance of the evidence was not so against the great weight and preponderance of the evidence as to be clearly unjust and wrong. Appellant's points in this respect are overruled. We have carefully examined all points presented and find no reversible error.

The judgment of the trial court sustaining the plea of privilege and transferring the cause to Tarrant County is affirmed.